## W. F. NORSWORTHY V. THE STATE.

### No. 2901.   Decided December 18, 1903.

#### 1.—Theft—Confession in Arrest.

See opinion for declarations made by defendant to an officer, in the presence of others, when not under arrest and when he had no reason for supposing himself in arrest, which are held admissible to be introduced by the State.

#### 2.—Evidence—Charge.

Where there are no contrary facts to those elicited brought out by the evidence, no issue being raised, no charge thereon is required.

#### 3.—Bill of Exceptions—Certificate of Judge.

A bill of exceptions, to be entitled to consideration, must be complete within itself, showing the conditions or environments—all the evidence on that point. And statements and objections made in a bill of exceptions is not a certificate of the judge that the objections are a true statement of the facts.

#### 4.—Evidence—Acts and Declarations of Codefendant.

Where the evidence has connected defendant and his codefendant in the perpetration of the crime, any fact or circumstance which would tend to prove the guilt of the codefendant not on trial would be admissible against defendant on trial.

#### 5.—Motion for New Trial—Challenge to Juror.

Where it was shown, on motion for new trial, that appellant had three challenges left at the time of acceptance of a certain juror whom he claimed was objectionable, but whom the evidence failed to show was not a fair and impartial juror, Held, the objection that appellant was compelled to take an objectionable juror was without merit.

Appeal from the District Court of Lavaca.   Tried below before Hon. M. Kennon.

Appeal from a conviction of theft of one head of cattle; penalty, imprisonment in the penitentiary for a term of two years.

The facts are sufficiently stated in the opinion.

*Patton & Schwartz,* for appellant.—When a confession is made by a party under arrest or in jail, under the statute it must appear that he had been previously warned that it might be used against him, before it can be used in evidence against him.   When a confession is made by a party not under arrest, the common law rule in regard to admission of confession prevails, viz., that to make a statement or confession admissible in evidence, it must appear to have been freely and voluntarily made, and the burden of proof is on the State to show this.

In order to make a statement a confession within the meaning of the statute, it is not necessary that it should be a direct acknowledgment of the defendant's guilt, but the rule "covers any fact or circumstance involved in the statement of a defendant which may be used by the State as criminative or inculpatory against him."   Cook v. State, 32 Texas Crim. Rep., 28, 29; Clayton v. State, 31 Texas Crim. Rep., 490; Womack v. State, 16 Texas Crim. App., 187, 188; Woods v. State, 22 Texas Crim. App., 437–440; Patrick v. State, 7 Texas Ct. Rep., 894; Bain v. State, 7 Texas Ct. Rep., 899; 3 Rice on Ev., p. 495, sec. 311, and citations; Id., 493, 494, sec. 310; Greenl. on Ev., 16 ed., p. 362, sec. 222; Id., 16 ed., p.

353, sec. 219; Austin v. State, 15 Texas Crim. App., 393; Powers v. State, 23 Texas Crim. App., 65, 66; Bailey v. State, 49 S. W. Rep., 102, 103; Bain v. State, 7 Texas Ct. Rep., 899.

A juror subject to the payment of a poll tax, who has not paid said tax prior to February 1st preceding the time at which he serves as a juror, is not a qualified juror, and is subject to be removed for cause.

It being shown that the juror was subject to objection for cause, and that his disqualification was through his answers, on his voir dire, concealed from the defendant, and that defendant's peremptory challenges were exhausted and he was thereby deprived of the right to challenge for cause and forced to take a juror probably prejudiced against him and objectionable to defendant, the court should have granted him a new trial. Poll Tax Amendment to Constitution; Carter v. State, 8 Texas Ct. Rep., 319, 320; Loggins v. State, 12 Texas Crim. App., 72, 73, and citations.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of one head of cattle, and his punishment assessed at confinement in the penitentiary for a term of two years.

By appellant's first bill of exceptions he questions the action of the court permitting the State to introduce the confessions of appellant to the sheriff, made in the presence of the justice of the peace, county attorney and deputy sheriff, on the ground that appellant was then under arrest, and reasonably believed himself under arrest. The circumstances indicate that the sheriff was investigating the case, and went to the little village of Sublime, where appellant lived, who was both a butcher and constable of that precinct. He went from Miller's store across the street to appellant's market house, asked appellant to come over to Miller's store with him, which he did, and there, in the presence of several other parties, asked him about a certain yearling alleged to have been missing, and a hide. The sheriff spoke to him, as follows: "I just wanted to go to you first. I have heard this talk about the yearling and want to know whose yearling it was he had killed. Appellant said one of his own. The sheriff then said, 'Where is the hide?' and appellant said, 'Over at home.' The sheriff then asked him to show him the hide, and that if it was his own everything would be all right. Appellant replied to the sheriff, that he would not show it to him. The sheriff then said, if he would not, he would have to get a search warrant and search for it. After some further conversation appellant told him there was no use getting a search warrant, that he could just go over there and search for it, but he would not find it, as the hide was not there. To which the sheriff replied, 'Why, you just told me that it was there,' and defendant said, 'You will not find it.'" The record further shows that appellant was not then arrested, that being in the morning, and appellant was not

arrested until about midnight, when process was gotten out for him. We do not believe there is anything in this showing indicating that appellant was either under arrest or that he believed himself under arrest; consequently the testimony was admissible. Connell v. State, 75 S. W. Rep., 512.

In this connection appellant contends that although the evidence may have been admissible, yet there was an issue as to its admissibility and this should have been submitted by the court in the charge to the jury. Neither appellant nor his witnesses testified to a contrary state of facts than that testified to by the sheriff, and we do not believe the sheriff's testimony raised any issue on this question. Therefore, it was not necessary for the court to instruct the jury in regard thereto.

During the trial the State showed by the witness Noble, sheriff of Lavaca County, that after the alleged commission of the offense he went to Sublime, where appellant lived, to investigate the matter; and that he had a conversation with him; that he (witness) went down to the house of a Mexican, and of Henry Mack's and Jack Monroe's; that he found at the Mexican's some pieces of a red hide, apparently about the size of a yearling, and he found at Henry Mack's house a part of a hide, to wit, a half of a hide apparently of a yearling, and the same color as the strips found at the Mexican's, which half hide had an inverted figure 3 on it. Appellant objected to this testimony on the ground that no privity had been shown between appellant and either of said parties in the theft of any animal, or that defendant had at any time left any hide or part of a hide with them. Thereupon the State's attorney stated that he expected to connect defendant with the taking of the animal, the hide of which was found with these parties. As has been often stated, a bill of exceptions must be complete within itself, and it must show the conditions or environments being all the evidence on that point, so that the matter can be intelligently revised in the appellate court. Appellant does not show in the bill that he was in nowise connected with the hide or pieces thereof found in the possession of said parties after the theft, but his objections alleged as grounds that no privity had been shown between said parties in the theft of the animals is not a certificate by the judge that his objections were a true statement of the facts. The bill further shows that the district attorney proposed to connect defendant with the taking of said animal, the hide of which was found with these parties; the bill should have shown that this was not done in anywise. However, if we were authorized to recur to the statement of facts, we believe appellant was sufficiently connected with the theft of the animal in connection with said parties in whose possession portions of the hide were subsequently found. Henry Mack, who has died since the theft of said animal, was directly shown to have been with appellant helping him to drive said animal on the night it was stolen. The principle is that while the act or declaration of a codefendant made after the consummation of the offense, and when defendant was not present, can not be used

against him, still where the evidence has connected them in the perpetration of the crime, any fact or circumstance which would tend to prove the guilt of the codefendant not on trial, would be admissible against the defendant on trial; as, for instance, the subsequent finding of the weapon or means used in the commission of the homicide in the house or possession of the codefendant. Pearson v. State, 18 Texas Crim. App., 524; Rodriquez v. State, 32 Texas Crim. Rep., 259. On this principle, bloody clothing taken from the possession of a codefendant the day after the murder is admissible evidence against the defendant on trial, and especially so when it is corroborative of the testimony of the accomplice, inculpating such other party in the murder. Thompson v. State, 33 Texas Crim. Rep., 217. And again, in Clark v. State, 28 Texas Crim. App., 139, it was held competent for the State to prove that ten days subsequent to the robbery, a part of the fruits of the robbery were found in possession of defendant's coconspirator.

Appellant objected to the introduction in evidence of the butcher's report of defendant filed October 6, 1903, and the accompanying bills of sale. His objection was made on the ground that the same was immaterial, irrelevant and calculated to prejudice the minds of the jury against defendant, and that the same had not been offered in evidence by defendant. In answer to this bill, it is sufficient to say that the contents of the report and bill of sale is not disclosed in the bill of exceptions.

Appellant, in his motion for new trial, raises an objection to the action of the court in regard to the juror Treptow. He says this juror, on his voir dire examination, qualified as to the payment of his poll tax; that if he had not so understood him he would have challenged him for cause. He further shows that when he asked the jurors to state whether any of them had not paid their poll tax, the juror Treptow remained silent, and he was accordingly understood to have paid his tax. He says this juror was objectionable to him, because he thought he might be under the influence of certain influential persons engaged in the prosecution. In this connection, he showed that the juror had not paid his poll tax prior to February 1, 1903. He further says that all of his peremptory challenges were exhausted on said talesmen, and that he had no other means known to him of removing the said Treptow from the jury. The State contests this motion, and showed that appellant had three challenges which he exercised after accepting Treptow. And in addition we would observe that it is not shown appellant was compelled to take any objectionable juror; nor is it shown that Treptow was not a fair and impartial juror. So the ruling of the court was without prejudice to appellant. Carter v. State, 8 Texas Ct. Rep., 318.

Appellant insists that the evidence is not sufficient to support the verdict, because there is no testimony tending to support the evidence of the accomplice. We do not agree with this contention, but believe the testimony is ample. The judgment is accordingly affirmed.

*Affirmed.*