## D. WATSON v. THE STATE.

No. 11759.   Delivered May 16, 1928.
Rehearing denied June 20, 1928.
Second Rehearing denied October 3, 1928.

200

The opinion states the case.

*Deal & Brim,* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for two years.

Operating under a search warrant officers searched appellant's residence and found therein two gallons of whiskey. Testifying in his own behalf, appellant admitted the possession and ownership of the whiskey, but declared that he was in bad physical condition and used it for medicinal purposes.

It is unnecessary to determine whether the search warrant was legally sufficient. Appellant testified that the whiskey belonged to him. Having testified to the same facts as stated by the officers relative to the quantity of whiskey he possessed, appellant cannot now claim to have been injured by the testimony of the officers, even if such testimony was improperly admitted. Frey v. State, 3 S. W. (2d Edition) 459; McLaughlin v. State, Opinion Number 11,286, delivered February 15th, 1928; Sifuentes et al. v. State, Opinion Number 11,546, delivered March 7th, 1928; Gonzales v. State, 299 S. W. 901; Wagner v. State, 109 S. W. 169.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In an able motion for rehearing, appellant asserts that we were in error in holding that, in as much as he testified to the same facts related by the officers, he could not claim to have been injured by their testimony, even if the court improperly admitted such testimony. Appellant contends that he was injured by the illegal testimony of the officers because of the following facts:

1. Appellant testified that he possessed the whiskey for medicinal purposes; and denied that he stated to one of the officers that he had been selling whiskey.

2. One of the officers testified in response to a question by the district attorney that appellant stated to him at the time the search was made that he had been selling whiskey.

3. The affidavit for the search warrant and the search warrant were introduced in evidence by the state.

In order to determine whether appellant's contention is meritorious, we have again reviewed the record in the light of appellant's four bills of exception.

Bill of exception Number 1, was taken to the action of the trial court in refusing to permit appellant to ask the sheriff, in effect, if the affidavit for the search warrant was not based on mere suspicion. In short, the bill shows that appellant excepted to the action of the court in refusing to permit him to elicit from the witness the information or knowledge of which he was possessed at the time he made the affidavit. Bill of exception Number 4 is concerned with the identical complaint brought forward in Bill Number 1, except that appellant endeavored to question the second affiant concerning any knowledge or information he had showing "probable cause" for making the affidavit for a search warrant. In neither of said bills is complaint made of the action of the court in permitting the state to introduce in evidence the affidavit and search warrant and to prove that appellant stated to one of the officers at the time of the search that he had been selling whiskey. Hence in so far as bills of exception Numbers 1 and 4 reflect the matter the affidavit, search warrant and declaration of appellant were admitted in evidence without objection.

Bill of exception Number 3 presents the following occurrence: When the sheriff undertook to give testimony touching the result of the search, appellant objected to his testimony on the ground that

the search warrant was invalid. The objection was overruled, and as recited in the bill, the witness testified as follows:

"I stayed on the outside with Mr. Watson and his son and sent the deputies in the house to make the search. McTaggart went in the house, I didn't go in there. I had a search warrant. Mr. McTaggart brought some things back; I am pretty sure he brought two half gallons of whiskey in a sack first, then George Hughes brought a quart and one or the other brought a quart or half gallon, I don't remember which. In all, two gallons of whiskey were found there. I examined it and know it was whiskey."

The bill recites that appellant "excepted to the ruling of the court in admitting said testimony and thereafter at the conclusion of the testimony offered by the state and by the defendant the defendant moved the court to withdraw from the consideration of the jury the evidence of said witness with reference to what was found at the place of the search * * *." It is noted that the testimony complained of contains no statement to the effect that appellant stated at the time of the search that he had been selling whiskey. Again as far as the bill under consideration reflects appellant's complaint, the affidavit, search warrant and declaration of appellant were received in evidence without objection.

Bill of exception Number 6 reveals that appellant objected to the testimony of the deputy sheriff for the reason stated in bill of exception Number 3. The testimony objected to, as recited in the bill, is as follows:

"I went in the house and searched the house and found three half gallons and two quarts of liquor, or whiskey, and I got it and brought it back to Emory. I found the whiskey in a little side room on the north side on the Ell of the house—and a little side room on the north side. The porch I mentioned was on the south side of the house and the side room was on the north side of the Ell. There was two half gallons and two quarts of whiskey in a little pasteboard box and another half gallon in a heater—stove—there in the side room; two quarts of the whiskey were open and there was two half gallons in a tow sack—by "open" I mean they were not covered with anything—no covering over the two quart jars; the two half gallon jars I found in the box were in a tow sack. I got the sack they were in and we have that down in the vault. That stove was about three or three and a half feet west of the box that I found the whiskey in; the stove or heater was just a box heater such as used for heating a house. This was about the 18th of June.

That was a little side room and the stove wasn't up and didn't have any pipe on it, it was just setting there. The room looked like just kind of a store room, there was fruit and other jars back in there and boxes. Yes, there was a kitchen and a partition between the dining room and kitchen. In my best judgment there was four rooms to that house besides the little side room—five rooms in all. This sack shown me is the sack I mentioned and the jars were in there that way when I got it—a half gallon in each end of it like that and the opening here in one side. The sack has not been changed any since I got it, it has been in the hands of the Sheriff and kept in the vault since that time. In this sack both ends are closed up and in width it is a little wider than around the fruit jars. I judge the sack is about three or three and a half feet long; in the middle in one side is an opening just large enough for a half gallon fruit jar to slip in; the jars were in the sack like this and this sack was setting in the box; in that box were two quarts that had nothing around them. Yes, I examined and know that it was whiskey in the jars."

The bill recites that "the defendant excepted to the ruling of the court in admitting said testimony and thereafter at the conclusion of the testimony offered by the state and by the defendant the defendant moved the court to withdraw from the consideration of the jury the evidence of said witness with reference to what he found at the place of the search * * *." It is obvious from a reading of this bill that the testimony of the witness contains no statement that appellant told him at the time the search was made that he had been selling whiskey. As far as the complaint reflected by this bill is concerned the affidavit, search warrant and declaration of appellant were received in evidence without objection.

The bills hereinbefore referred to embody each and every complaint made by appellant in the trial court. Appellant did not complain of the reception in evidence of the affidavit, search warrant and declaration made by him at the time of the search. He cannot now complain. In all cases to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exception is imperative. Fisher v. State, 1 S. W. (2d Series) 301. Having failed to bring forward a bill of exception complaining of the matter, it is obvious that appellant cannot invoke the rule announced in Gaunce v. State, 261 S. W. 577, and subsequent decisions to the effect that, where there is no issue upon which the contents of the affidavit and search warrant are relevant, the recitals contained

therein are hearsay and inadmissible. Not conceding that appellant's declaration made at the time of the search was improperly received, it is sufficient to say that the matter is not presented for review.

Appellant testified that the whiskey discovered by the officers belonged to him, and declared that he used it for medicinal purposes. He denied that he had ever sold any whiskey, and denied that he had stated to one of the officers at the time of the search that he had been selling whiskey.

In the case of McLaughlin v. State, 4 S. W. (2d Series) 54, the accused admitted the possession of the liquor found by the officers, but testified that he and his wife used it for medicinal purposes. The search was illegal. In disposing of the contention of the accused that the testimony of the officers touching the results of the search was inadmissible, Judge Hawkins said:

"Appellant admitted in his testimony that he had on hand 420 bottles of beer, a 50-gallon barrel in which to make it, and some 200 empty bottles. His only defense was that he was making and had the beer to be used by himself and wife for medicine. This issue was submitted to the jury, who refused to accept appellant's explanation. Having taken the witness stand himself and admitted having in his house practically everything of a criminative character, the officers claimed to have found, appellant is in no position to ask for a reversal of the judgment."

In the case of King v. State, 4 S. W. (2d Series) 550, will be found facts which prevented application of the rule recognized in McLaughlin's case and subsequent decisions. The facts of the instant case are strikingly similar to the facts of McLaughlin, supra. Here as in that case, the accused testified that the liquor discovered by the officers belonged to him, but claimed that he possessed said liquor for medicinal purposes. The fact that the affidavit, search warrant and declaration of appellant to the effect that he had been selling whiskey, were received in evidence would not operate to prevent the application of the rule discussed in McLaughlin's case, in as much as the evidence is in the record without objection. The only criminative facts coming from the officers, which appellant objected to, were also placed before the jury by appellant himself.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant very earnestly insists that there was error committed in receiving in evidence the testimony of the officers who made the search, which declaration was to the effect that the whiskey belonged to him and that he did not sell it. On the trial the appellant denied making the statement.

We have reviewed the record in the light of the very careful analysis of the various bills of exceptions appearing in the opinion of the court overruling the motion for rehearing and are confirmed in the view that the complaint of the receipt of the alleged declaration of the appellant is not presented for review. We are of the opinion, however, that in failing to present it for review no harm accrued to the appellant for the reason that the only plausible ground upon which a claim that the declaration should have been excluded could be put would have been the insufficiency of the search warrant. The attack made upon it is based upon an alleged insufficient description of the premises which follows:

" * * * situated in said County and State a certain house, building and premises described as follows, to-wit: Residence, Smoke House, Storm Cellar, or Storm House, Barn, Seed House, and all other buildings including the land on which the above is located *and all other land and buildings* they may have charge of which they know is in charge of Wayman Watson and his father, D. Watson."

The property searched was the residence occupied by the appellant and his son, situated in Rains County, about five miles from the county seat, at which place the appellant had been living during the year. The appellant was present at his home at the time the search was made. There was found in the dwelling-house (which seems to have been the only place searched) two gallons of whiskey in different containers.

The appellant called his son, Wayman Watson, as a witness, and according to his testimony the whiskey found by the officers was the property of the appellant. The appellant testified and admitted the possession of the whiskey but advanced the theory that it was kept solely for medicinal use.

The place searched is not believed to have been so indefinitely described in the search warrant as to render the warrant void. The general statement in the search warrant which is underscored above, that is, "and all other land and buildings," etc., is manifestly indefinite. Treating the general statement mentioned as surplusage, the warrant is not regarded as void. It is by no means a model, how-

ever, and the failure of the prosecuting officer to give a more accurate description of the premises in preparing the search warrant is not to be commended. The precedents cited in the note under Section 119, of Cornelius on Search & Seizure are deemed to justify the conclusion stated above touching the sufficiency of the search warrant. See also Hernandez v. State, 4 S. W. (2d). 82.

The privilege of filing a second motion for rehearing is denied.

*Motion denied.*