BUD BOONE v. THE STATE.

No. 12972. Delivered February 19, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 655.

654

The opinion states the case.

*Jas. A. Stephens* of Benjamin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Appellant questions the sufficiency of the affidavit to support the warrant under which the officer acted in making the search of appellant's residence and premises, on the ground (a) that the property to be searched is not described with sufficient certainty; (b) that the affidavit is based solely on the belief of affiants which belief appears to be predicated on hearsay only.

The property sought to be searched is described as follows:

"A certain residence, barn and dug-out located upon a farm owned by Mrs. T. C. M. Boone and occupied by Bud Boone, and located about two miles and a half northwest of Vera, in Knox County, Texas, together with barns and out-houses, pastures and fields upon said farm. * * *"

We fail to discover any uncertainty in the description. See Odell v. State, 105 Tex. Cr. R. 646, 290 S. W. 164; Watson v. State, 9 S. W. (2d) 265; Hernandez v. State, 4 S. W. (2d) 82. Regarding the second objection; the affidavit is in somewhat different form than the ordinary affidavit for search warrant in that it does not begin with the statement that "affiants believe, etc." It begins with the positive averment that affiants under oath say that in and upon the residence and premises described appellant was at the "present time unlawfully *selling* and possessing for the purpose of sale intox-

icating liquors." Thus far the averments being positive bring the case within the principle announced in Ware v. State, 7 S. W. (2d) 551; Bird v. State, 7 S. W. (2d) 953; McFarland v. State, 7 S. W. (2d) 955; Staglik v. State, 13 S. W. (2d) 377. Following the positive averment mentioned there appears in the affidavit this recital.

"* * * That the facts, circumstances and statements mentioned and set out in this affidavit are within the knowledge of affiants true and correct and that affiants obtained their evidence and knowledge of the same as follows: to-wit: The sheriff of Baylor County, Texas, had arrested a party in Baylor County, Texas, charged with possession for the purpose of sale of intoxicating liquor and had secured information that whisky was on the above described farm and in possession of Bud Boone. Said sheriff advised affiants."

If the foregoing recital qualifies the positive averment theretofore made the affidavit still appears sufficient under the following authorities. Rozner v. State, 109 Tex. Cr. R. 127, 3 S. W. (2d) 441; Harris v. State, 15 S. W. (2d) 1048; Villareal v. State, 21 S. W. (2d) 739; Ruhman v. State, No. 12,765 (opinion on rehearing January 15, 1930;) Smith v. State, No. 12,706, (opinion on rehearing January 22, 1930). In any event we are of opinion the attack on the affidavit cannot be sustained, and that no error was committed in admitting evidence as to the result of the search.

The facts may be stated briefly as follows: Officers went to appellant's house shortly before daylight and the search conducted by them revealed a quantity of empty fruit jars in the cellar and some empty pasteboard fruit jar cartons under the bed. The cartons would accommodate six jars. They discovered nothing in the search of the barn or lot. After the officers had made this first fruitless search appellant asked and obtained permission to go milk his cow; he got his bucket and went to the lot. One of the officers watched him and observed that he did not stop at the lot but set his bucket down, crawled through the fence and went some eight or ten rows into a field. Here he started doing something and the officer's attention was attracted by sounds of breaking glass. He immediately started to appellant who was seen by the officer to break twelve jars which had contained whisky; he had already broken six others before the officer got near enough to see exactly what appellant was doing. When the officer reached appellant he said he supposed he had done wrong and said a number of times that all they had him for was destroying the evidence. The sheriff said to ap-

pellant, "Yes, some fellows drink it up, but you have destroyed it;" to which appellant replied, "Some people are able to work, but I am not a strong man, though I look like one, and it is the only way I have to make a living, but I am going to quit fooling with it any more." The sheriff gathered up a small quantity of whisky and placed it in a fruit jar and set the jar in the automobile. When they started to town with appellant he reached back and got this jar and poured the whisky out.

Bills of exception bring forward complaint because the court admitted evidence that appellant broke the fruit jars containing the whisky, and poured out the small quantity salvaged by the sheriffs, and of appellant's statement made to the officers on the ground that these things occurred while appellant was under arrest. That appellant's conduct was provable against him under the circumstances stated seems clear. Klein v. State, 102 Tex. Cr. R. 256, 277 S. W. 1074; Kelly v. State, 102 Tex. Cr. R. 395, 278 S. W. 449; Carrell v. State, 3 S. W. (2d) 435; Wright v. State, 13 S. W. (2d) 111. Some of appellant's statements were contemporaneous with his conduct and explanatory thereof, and all of them seem to fall within the rule of res gestae. Appellant relies on Calloway v. State, 15 S. W. (2d) 13; Glover v. State, 247 S. W. 556; and Harris v. State, 10 S. W. (2d) 551 as supporting his position. The facts which were dealt with in those cases are thought to make them inapplicable here.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The original opinion of the court is criticized for the use of the word "fruitless" in discussing the fact that in the first part of their search the officers found in appellant's dwelling house practically nothing deemed of any great consequence, and especially in view of what was later found. It appears true, as stated by one of the officers, that in their search of the house they found "a little wine" in the kitchen by the stove. We deem the use of the word "fruitless" of no materiality.

The officers reached appellant's house before day, and as soon as it was light enough to permit, they informed him of their purpose, and began searching his house, out-buildings, etc. During the progress of this search appellant asked if he would be permitted to go and milk his cows. Evidently from the record this occurred soon after

daylight came. The facts subsequently developed are set out in the original opinion. We think the fact that there was in appellant's possession and in his field, something like one hundred yards from his house, three cartons of whiskey, amply sufficient to justify the conclusion of guilt reached by the jury. We think it no violation of the rule of res gestae for the officers to give testimony as to what was done and said by appellant in regard to and in connection with his breaking the cartons of whisky after the search had begun.

The motion for rehearing will be overruled.

*Overruled.*