## HENRY CHAPMAN v. THE STATE.

No. 14269. Delivered June 3, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*Nolan Queen,* of Weatherford, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment assessed being two years' confinement in the penitentiary.

The motion for new trial was overruled on October 20, 1930, at which time notice of appeal was given, and ninety days allowed for filing statement of facts and bills of exception.

The statement of facts was not filed in the lower court until the 26th day of January, 1931, which was ninety-eight days after notice of appeal. Under the provisions of article 760, C. C. P. (1925), subd. 5, the statement of facts cannot be considered because of the delayed filing. . There appears in the transcript three bills of exception, one complaining of the denial of continuance and the other two complaining of the reception of certain evidence. It is impossible to appraise any of

these bills in the absence of a statement of facts, and not being able to consider the statement of facts the bills are ineffective.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—By supplemental transcript filed in this record it is now shown that appellant's motion for new trial was overruled on October 29, 1930, and that a statement of facts was filed within the ninety days thereafter. The motion for rehearing will be granted to the extent of considering said statement of facts and the bills of exception dependent thereon.

As to the complaint of the overruling of the application for continuance, same shows no diligence as to the absent witnesses. The indictment was returned the 3rd day of October, 1930. No application for process was made until the 14th of said month. The application for continuance shows that the witnesses were not served. No process, or return thereon, appears attached to said application. No affidavit from either of the witnesses is attached to the motion for new trial.

Another bill complains of the admission of the testimony of Mr. Reynolds to the effect that after the arrest of appellant he poured out a quantity of whisky. There seems a curious idea in the minds of men charged with violation of what are commonly called the liquor laws of this state, to the effect that if they can destroy the liquor found in their possession it will somehow aid them in escaping prosecution or conviction. The fact that this defendant endeavored to destroy the testimony against him, or the liquor that was found in his possession at the time of his arrest, would be provable. Any attempt to run witnesses out of the country, or to destroy inculpatory evidence, is admissible. The bill shows no error.

The third bill of exception brings forward appellant's objection to proof that he and those with him were seen to load into a car on the morning before his arrest what looked to be sugar. The testimony shows that a quantity of sugar was found in the vicinity of the still.

Appellant's claim, if we understand the record, is that he was employed by one Hicks to do farm work. He said that Hicks came to his place on the morning before his arrest and employed him. Witnesses testified that they saw appellant and Hicks load a couple of white sacks of what the witnesses took to be sugar, said sacks containing about one hundred pounds each. At the time of his arrest on the premises of Hicks appellant was in the garage where there was a still in operation,—whisky was running out of the coil and dripping into kegs. The full paraphernalia of a still together with mash, sugar, dried fruit, yeast cakes, etc., were in the garage. Two one hundred pound sacks of sugar were among the articles. We think the court properly admitted this testimony.

We have examined the facts and believe them to justify the conclusion of the jury that appellant was engaged in the manufacture of intoxicating liquor at the time the officers found him in said garage. He and Hicks were in there together. Appellant talked to the officers; made threats against them in case he was reported and convicted.

The motion for rehearing is overruled.

*Overruled.*