J. R. SCHWARTZ v. THE STATE.

No. 14449. Delivered November 4, 1931.
Rehearing Granted January 20, 1932.
State's Rehearing Denied March 9, 1932.

The opinion states the case.

*E. T. Miller* and *Moore & Widson,* all of Amarillo, for appellant.

*Edw. W. Thomerson,* District Attorney, of Amarillo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully possessing a still and equipment for manufacturing intoxicating liquor, punishment being three years in the penitentiary.

Under authority of a search warrant officers went to the residence of appellant in Randall county and found a still in operation in one of the rooms of the house. In an adjoining room they found five barrels of mash, five half-gallon jars of whisky, and a twenty gallon keg containing four or five gallons of whisky. Appellant was not present at the time the search was made, but as the officers were returning to town after the search they met him going towards his home.

There are six bills of exception in the record, all of which in one way or another attack the sufficiency of the affidavit and search warrant issued thereunder, and the receipt in evidence of the testimony of the officers detailing the result of the search.

One objection urged was that there was a fatal variance between the description of the property to be searched as contained in the affidavit and in the warrant. In the affidavit the property is described as follows: "That there is situated in Randall County, Texas, a certain house and premises located, situated and described as follows: A farm house and premises, including all out houses, barns, and any buildings adjacent and appurtenant thereto, located about nineteen miles south of the City of Amarillo, which said City is in Potter County, Texas, and about 2 miles south and one half mile west of Stone School House, in Randall County, Texas, said house, buildings and premises to be searched being occupied and under the charge and control of J. R. Schwartz, survey No. 30, I. & G. N.—6, and that J. R. Schwartz and other persons to affiants unknown, has charge of said house and premises."

The warrant followed exactly the description contained in the affidavit with the exception that where the affidavit used the language "Survey No. 30, I. & G. N.—6," the warrant used the language "Survey No. 30, Block No. 6, I. & G. N." In view of the other description of the property to be searched we think the variance pointed out, if it be a variance, is inconsequential.

Another objection urged was that the description of the property was insufficient. We find no merit in this contention. See Watson v. State, 110 Texas Crim. Rep., 199, 7 S. W. (2d) 586, 9 S. W. (2d) 265, Hernandez v. State, 109 Texas Crim. Rep., 246, 4 S. W. (2d) 82, and

Branch v. State, 116 Texas Crim. Rep., 205, 33 S. W. (2d) 1069, Boone v. State, 114 Texas Crim. Rep., 653, 26 S. W. (2d) 655.

The affidavit was also assailed because the identity of the persons giving the information to affiants was not disclosed, and because they were not described in any way. It was averred in the affidavit that in said house intoxicating liquor was manufactured and sold. It was dated October 23, 1930, and signed by Chas. Bebout and Bob Barnett.

The affidavit contains further averments as follows:

"And each of said affiants further deposes and says that their knowledge of the truth of the above and foregoing statements is based upon the following facts, viz:

"That affiant Bob Barnett, says that on this the 23d day of October, a man who affiant believes to be a credible person, told affiant that there is now a still and apparatus used for the manufacture of whisky on said above described premises; and that the said J. R. Schwartz has been and is now manufacturing whisky on said premises in large quantities; that whisky is now being transported away from said house and premises for the purpose of sale.

"Affiant Chas. Bebout, says that on this the 23d day of October, 1930, he was informed by a credible person, whose occupation is a minister of the gospel, that whisky is now being manufactured on above described premises, and that there is now a still and apparatus in actual operation on said premises, and that whisky is now being manufactured, and is being transported away from said premises; that on the 22d day of October, 1930, he received a letter through the mail stating that whisky is being manufactured on said premises by the said J. R. Schwartz."

The sufficiency of the affidavit is supported by the following authorities: Rozner v. State, 109 Texas Crim. Rep., 127, 3 S. W. (2d) 441; Harris v. State, 112 Texas Crim. Rep., 219, 15 S. W. (2d) 1048; Ruhmann v. State, 113 Texas Crim. Rep., 527, 22 S. W. (2d) 1069; Villareal v. State, 113 Texas Crim. Rep., 442, 21 S. W. (2d) 739; Montgomery v. State, 115 Texas Crim. Rep., 469, 31 S. W. (2d) 440; Boone v. State, 114 Texas Crim. Rep., 653, 26 S. W. (2d) 655; Loftin v. State, 116 Texas Crim. Rep., 244, 33 S. W. (2d) 1071; Davis v. State, 117 Texas Crim. Rep., 167, 36 S. W. (2d) 500.

We find no merit in any of the contentions urged by appellant.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The case was disposed of originally on the theory that all six of the bills of exception raised questions regarding the validity of the affidavit and search warrant. In his motion for rehearing appellant directs our attention to the fact that Bill No. 6—while

containing some recitals supporting our original view as to its purport— does, in fact, bring forward complaint that the affidavit and warrant were admitted in evidence before the jury over appellant's objection. A further inspection of the bill verifies this contention. We find among other objections urged to receiving the affidavit and warrant in evidence, was one based upon the ground that they were "immaterial and can serve no purpose whatever by their introduction, and would only tend to prejudice the rights of defendant, in that illegal testimony would be introduced under them."

While the objection is general, it was sufficient to call the trial court's attention to the fact that appellant was resisting the effort of the state to get the affidavit and warrant themselves before the jury. Obviously, these documents were not relevant to any issue in the case, so far as the jury was concerned. Where evidence is obviously hurtful and inadmissible for any purpose, a general objection on the ground that it was immaterial and prejudicial would not render the bill complaining of its admission defective. See section 208, Branch's Ann. Tex. P. C.; McGrath v. State, 35 Texas Crim. Rep., 413, 34 S. W., 127; Guajardo v. State, 24 Texas Crim. Rep., 603, 7 S. W., 331; Fisher v. State, 108 Texas Crim. Rep., 332, 1 S. W. (2d) 301.

It has been held repeatedly that the validity and sufficiency of the affidavit and warrant to justify a search, and to receive evidence as to the result thereof, are questions of law for the trial judge; and that the documents should be presented for him to inspect, but should not go to the jury as evidence because the recitals in the documents are hearsay. Bryant v. State, 94 Texas Crim. Rep., 67, 250 S. W., 169; Gurski v. State, 93 Texas Crim. Rep., 612, 248 S. W., 353; Boortz v. State, 95 Texas Crim. Rep., 479, 255 S. W., 434; Gaunce v. State, 97 Texas Crim. Rep., 365, 261 S. W., 577; Booth v. State, 110 Texas Crim. Rep., 548, 9 S. W. (2d) 1032; Antner v. State, 114 Texas Crim. Rep., 248, 25 S. W. (2d) 860; Uptmore v. State, 116 Texas Crim. Rep., 181, 32 S. W. (2d) 474; Dillon v. State, 108 Texac Crim. Rep., 642, 2 S. W. (2d) 251.

It will be found from an examination of some of the cases cited that where no exculpatory evidence has been offered and the lowest penalty assessed, the admission of the warrant and affidavit in evidence before the jury would not be regarded as grounds for reversal; but that if guilt was vigorously combatted, or more than the minimum penalty assessed, a reversal would be called for.

The punishment assessed in the present case was three years' confinement in the penitentiary, which was two years more than the minimum. The affidavit alleged that in the house and upon the premises described intoxicating liquor was being manufactured and sold. There was no evidence upon the trial as to the sale of liquor in the house or on the

premises. The affidavit in question was signed by Charles Bebout and Bob Barnett. Barnett says in his affidavit that he had been informed, not only that a still was in operation for the manufacture of whisky, but also that such liquor was "being transported away from said house and premises for the purpose of sale." No evidence supporting the latter recital was before the jury. Bebout did not testify upon the trial at all, yet in his affidavit it was averred that he had been informed by a minister of the gospel, not only that whisky was being manufactured on the premises of appellant, but that it was "being transported away from said ' premises." It is clear that the effect of admitting the affidavit in evidence resulted in getting before the jury hearsay statements which were only properly to be considered by the court in determining if probable cause existed for the issuance of the search warrant. Permitting these hearsay statements to get before the jury was unquestionably calculated to, and in all probability did, have some influence in bringing about the penalty assessed.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*

### ON STATE'S MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We know of no rule of procedure under which the state, any more than the accused, may be permitted to change the recitals of a statement of facts or of a bill of exception, after same has been agreed to by the parties, approved by the trial court, filed and brought to this court upon appeal, nor to contradict such recitals by ex parte affidavits filed here. Statement of facts and bills of exception in criminal cases which manifest errors, costly either to the state or the accused should be carefully examined and scrutinized before leaving the court a quo, in which alone is there the right and power to make change in same. Manifestly, the statement of facts in this case certifies that the affidavit for search warrant and the warrant were introduced in evidence. They appear in the statement of facts. If they were only offered for the consideration of the court, and were not in fact put before the jury, the record could easily have been made to so show. We have often called attention to this need of care in the preparation of records on the part of officers of the trial courts.

Believing the case correctly disposed of on the record before us in the former opinion on rehearing, the state's motion for rehearing will be overruled.

*Overruled.*