MERLE BRANDT V. THE STATE.

No. 17809.    Delivered January 29, 1936.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—The offense is a robbery conviction; five years in the penitentiary.

On original submission of this case we declined to consider appellant's bills of exception and statement of facts because it appeared that the same were not filed within the time prescribed by law, and no fundamental error appearing in the record, the judgment of the trial court was affirmed. Since then the appellant has convinced us by an affidavit and a certificate of the trial court that the delay in filing the same was not due to any want of diligence on his part. Therefore we will consider and dispose of this case on its merits. This is a companion case to that of C. B. Bland v. State, recently decided by this court (page 553 of this volume), in which the facts are fully set out and we do not deem it necessary to reiterate the same.

Bills of exception numbers one and two relate to the same matter and will be considered together. By bill number one the appellant complains that J. E. Edmissean was permitted to testify that he was employed by the White Tavern Cafe situated in the town of Plainview; that on Sunday night, January 13, 1935, C. B. Bland came into the cafe about eleven thirty or eleven forty-five, purchased a package of cigarettes and paid therefor with a twenty dollar bill. By bill number two he complains that Witkoski, who was employed by a service station situated in said town, was permitted to testify that on Sunday night, January 13, 1935, C. B. Bland came to the service station about eleven thirty, purchased some oil and paid for it with a twenty dollar bill. The appellant objected to all of this testimony because it was hearsay; that the same were acts and declarations made in the absence of the defendant, and were irrelevant and prejudicial to his rights. Ordinarily acts and declarations made by one person in the absence of another are not admissible in evidence. However, there is an exception to this rule when the fruits or a part of the fruits of the crime or what may appear to an ordinary reasonable person as part of the fruits of the crime are found in possession of the defendant's co-conspirator the same are admissible. See Pierson v.

State, 18 Texas App., 524; Norsworthy v. State, 77 S. W., 803; Henderson v. State, 96 S. W., 37; Pace v. State, 20 S. W., 763.

The testimony adduced shows that Clements, Vaughn, and Bland came to the home of Mr. Price in the town of Plainview where appellant was making his home. Clements and appellant left together about two P. M. prior to the robbery on said night. Thereafter about sundown the appellant, Vaughn, and Clements returned to Price's home in a coupe which they drove up into an alley where they stayed in the car until about dark when Bland drove up and the appellant, Vaughn, and Clements all got into Bland's car and left, leaving the coupe parked in the alley. About eleven P. M. a car drove up near the home of Mr. Price and stopped, but immediately drove away. About the same time the parked car in the alley was driven away and soon thereafter the appellant came into the house.

Mr. Rexrode and his son identified the appellant by his height, his size, his general appearance, and his voice as the man who held the pistol on them while the other party took their money; and testified that during the time that the robbery was in progress they observed a car about one hundred and seventy-five yards down the road to which the robbers fled after the commission of the offense; that the motor of the car began to run before the two robbers reached it; that as soon as they entered it the car started west at a rapid speed.. This shows that some person or persons were waiting in said car to carry the robbers from the scene of the crime, and furthermore it shows that more than two persons were engaged in the commission of the offense. The testimony also shows that the parties who committed the robbery obtained from Mr. Rexrode one twenty dollar bill and from his son, Jewel, two twenty dollar bills and four one dollar bills. The bills which Bland exchanged at the restaurant and at the service station were of the same denomination as the two taken from the Rexrodes and was a circumstance tending to identify the money as that taken in the robbery, and his act of dividing or disposing of the money for the purpose to effectuate a concealment of said offense and shield each other from detection would appear to be a part of the general scheme which did not become consummated until the loot was disposed of, which was a part of the criminal enterprise; and therefore admissible in evidence. What weight should be given to it was within the exclusive province of the jury.

By bill of exception number three appellant complains that Kelly Hooper, sheriff of Hale County, was permitted to testify

that on the afternoon before the night on which the robbery was committed he saw the appellant, Vaughn, and some other person sitting in a car on the streets in the town of Plainview, to which appellant objected because the same was immaterial and irrelevant. We cannot agree with the appellant. This testimony was corroborative of the testimony given by Mr. Price. It placed the appellant with two other men, one of whom the sheriff did not recognize but who had theretofore been identified by Price as Mr. Clements. This together with other testimony showing that they subsequently left with C. B. Bland in Bland's car was a circumstance from which an inference could be drawn that the parties were acting together and was admissible.

By bill of exception number four appellant complained of the testimony of Marcus Rexrode, to the effect that in November, 1933, he had a conversation with Clements in which he told Clements that his father and brother had two or three hundred dollars and some more feed to sell and they never used a bank, to which appellant objected on the ground that it was too remote, that it was a conversation between third parties in the absence of the defendant, and had not been shown to have been communicated to appellant. Clements was seen on Sunday afternoon with Bland, Vaughn, and appellant. About dark they left town in Bland's car and within less than two or three hours thereafter the robbery in Floyd county took place. The robbers cut the telephone wire leading to the home of the Rexrodes but they did not ransack the house. They secreted themselves near the gate leading to the home and awaited the return of their victims. This was a circumstance from which an inference might be drawn that appellant and his co-defendants had been informed that Rexrode and his son were in the habit of carrying money on their person. Persons who contemplate theft or robbery do not look for money where they do not expect to find it. Clements is the man who knew the Rexrodes carried money. Clements was a friend to appellant, Vaughn, and Bland and was associating with them just prior to the commission of the offense. Persons who contemplate the commission of an offense work in secret and under cover, therefore, the law necessarily resorts to circumstances to establish their identity with the commission of an unlawful act. We think this testimony, although somewhat remote, was admissible.

By bill of exception number five appellant complains of the action of the trial court in permitting Jewel Rexrode to testify

that when Price Clements ran a grocery store and filing station in the town of Sterley, he traded with him, paid cash for his purchases; that on one occasion he took from his pocket a roll of bills which Clements could see. This was objected to as being immaterial and irrelevant, and that the same were acts and declarations made in the absence of the appellant, Brandt. We believe that this was admissible for the same reason as applied to the testimony of Marcus Rexrode and therefore overrule the appellant's contention.

By bill of exception number six the appellant complains of the action of the trial court in permitting Hoyt Curry to testify as follows: "I didn't take any money off Merle Brandt when I arrested him. He gave his money to his step-father. I couldn't tell how much he gave him. He gave him a lot of money and instructed his step-father to take a five dollar bill as money he had borrowed from him and mail the rest of the money to his wife." The appellant objected to this because he was under arrest at the time; that it was immaterial and irrelevant. The court qualified said bill of exception and in his qualification states that he instructed the jury not to consider what the defendant said at the time to his step-father about the disposition of the money. We think that the bill as qualified fails to show reversible error. In the case of Parks v. State, 63 S. W. (2d) 301, this court in speaking of the act of the appellant in destroying a letter which he had received from his paramour said: "Thus it may be shown that he attempted to escape, or fled from justice or that he destroyed evidence or endeavored to fabricate evidence. Such facts may, with correctness, be assumed to form a part of the res gestae, though not contemporaneous with the principal transactions." See also Boone v. State, 114 Texas Crim. Rep., 653, 26 S. W. (2d) 655; Chapman v. State, 118 Texas Crim. Rep., 211, 39 S. W. (2d) 887; Funston v. State, 38 S. W. (2d) 335. According to the testimony of Mr. Price the appellant did not have any money on any of the days immediately preceding the commission of the offense. The sheriff testified that on the next day he had several bills besides some coins in his pocket, which together with the testimony of Mr. Rexrode and his son as herein before set out might be considered sufficient to connect the appellant with the commission of the offense. The objections to the court's charge are deemed to be without merit.

It is therefore ordered that the appellant's motion for rehearing be overruled, the original opinion withdrawn, and the

judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.