Bud EASLEY *v.* STATE of Arkansas

5529                                     459 S. W. 2d 410

Opinion delivered November 9, 1970

*Eugene Coffelt* and *W. Gary Kennan,* for appellant.

*Joe Purcell,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice. Bud Easley was charged on information filed by the prosecuting attorney of Benton County with the unlawful possession of stimulant and/or depressant drugs. Upon waiving a jury trial, he was tried before the circuit judge sitting as a jury and was convicted.

Easley's father owned a farm near the small village community of Hiwasse in Benton County. He had moved an extra house onto the farm and the appellant Easley was in the process of moving into the house. Mr. Carl Merkey, an electrician, was employed to do electrical wiring in the house and while he was so engaged and after Easley had moved some furniture and

personal effects into the house, Mr. Merkey found a large supply of contraband drugs in one of the clothes closets. He reported his find to the authorities.

A search warrant was issued on Merkey's affidavit and the drugs were seized through the use of the search warrant. The drugs were accepted in evidence after Easley's motion to suppress was denied by the trial court. The search warrant was directed to the sheriff of Benton County and reads as follows:

"Whereas, complaint has been made on oath before the undersigned, one of the Municipal Judges in and for the County of Benton, by *Carl Merkey* that certain personal property of *Bud Easley* to-wit: *Stimulant and/or Depressant Drugs (Amphetamines and/or Barbiturates)* are in the possession of Bud Easley the said complainant knows of his own knowledge that such property is concealed in the house occupied by *Bud Easley in or near Hiwasse* in the County of Benton; and, whereas, being satisfied that there is reasonable ground for such suspicion, you are, therefore, hereby commanded to search the place above mentioned, where such property is suspected to be concealed, in the *p.m.* time, and to bring such property, or any part thereof which may be found, before me, the said Judge, forthwith."

Easley has appealed to this court and relies on the following point for reversal:

"The judge erred in denying the motion to suppress the evidence."

Easley was not present when the warrant was executed but he had left the doors open or unlocked for the convenience of Merkey. The officers who executed the warrant testified that Merkey gave them some additional verbal directions as to how to get to the Easley house. Easley presents two primary arguments in support of his designated point. He argues that the search

warrant was invalid on its face in that it did not particularly describe the place to be searched as required in the second clause of the Fourth Amendment to the Constitution of the United States; and that the search was invalid because Easley was not notified of the impending search and the search warrant was not served on him.

A search warrant is directed to the officer who is to make the search and Easley does not contend that the officers searched the wrong house under the warrant. Common sense dictates that the constitutional requirement that a search warrant contain a particular description of the property to be searched, is designed and intended to aid the officers in locating the *right* property to be searched, as well as to protect innocent property owners from unreasonable searches and seizures and prevent officers from searching the *wrong* property.

In the Tennessee case of *O'brien v. State,* 14 S. W. 2d 51, the court said:

> ". . . In this case the warrant directed the officer to search the dwelling house of James O'Brien on TeCoy Road in Ninth civil district, Knox county, Tenn. According to numerous authorities, such a description is held sufficient because it enables the officer to whom it is directed to locate with reasonable certainty the place to be searched."

In the Tennessee case of *Webb v. State,* 121 S. W. 2d 550, the affidavit for a search warrant was incorporated by reference in the warrant. In that case, the Tennessee court quoted from 56 C. J. 1233 and 1237 as follows:

> " 'Moreover, it is held that the word "particularly" in the constitution requiring such a description means that the description must be such that any person familiar with the locality can by inquiring identify the premises described.

\* \* \*

As it seems neither necessary nor practical to describe a farm dwelling house with the same degree of particularity as a dwelling house located in the city, the requirements are therefore not so strict, although the degree of particularity required is obviously governed by the circumstances of each case. Thus since houses in rural communities are commonly known by the name of the owner rather than by any technical legal description, a description of rural property as the premises occupied by a named person may be held sufficient, even though the property is incorrectly described as to section and range. Likewise the description may be sufficient if the farm is named and the particular district disregarded.' "

The Tennessee court then concluded:

". . . There is no uncertainty or obscurity as to the building to be searched. Such a warrant confers upon the officers no discretion or authority to search any other dwelling than that of Joe Webb, 'on the Andersonville Pike, Knox County, Tennessee.' " See also *Norton* v. *State*, 343 S. W. 2d 361 (Ky.).

In the Texas case of *La Fitte* v. *State*, 54 S. W. 2d 134, an affidavit and search warrant were attacked as insufficiently describing the premises to be searched. The premises were described as "the white frame house well known to these affiants to be the residence of Earnest La Fitte, situated on the Logansport hiway about two miles from the courthouse in Center, and located on the east side of said hiway No. 76. . ." The Texas court simply stated: "The description of the residence to be searched seems to be sufficient."

In the Texas case of *Boone* v. *State*, 26 S. W. 2d 655, the appellant questioned the sufficiency of the affidavit to support the warrant under which the officers acted in making the search of appellant's residence and premises on the ground that the property to be searched was not described with sufficient certainty. The property

was described as follows: "A certain residence, barn and dug-out located upon a farm owned by Mrs. T. C. M. Boone and occupied by Bud Boone, and located about two miles and a half northwest of Vera, in Knox County, Texas, together with barns and outhouses, pastures and fields upon said farm. . ." In holding the descrption sufficient, the Texas court said: "We fail to discover any uncertainty in the description." See *Odell* v. *State*, 105 Tex. Cr. R. 646, 290 S. W. 164; *Watson* v. *State*, 110 Tex. Cr. R. 199, 7 S. W. 2d 586, 9 S. W. 2d 265; *Hennandez* v. *State*, 109 Tex. Cr. R. 246, 4 S. W. 2d 82.

In 79 C. J. S., § 83 f is found the following:

> *"Absence of accused.* Since the service of a warrant for the search of premises is sufficient when made at the place designated in the warrant, it is not necessary to the validity of a search and seizure that it be made in the presence of accused. Accordingly, the effect of the warrant cannot be avoided by accused by absence when the warrant is executed, nor is it necessary that service of the warrant be made on the owner of the premises when he is in jail. Moreover, where accused is not present at the time of the search of his residence, it is not necessary that a copy of the warrant be served on anyone or posted on the door; and the fact that a copy of the warrant was left on his bed does not invalidate the search."

In the Tennessee case of *Garrett* v. *State*, 250 S. W. 2d 43, a search warrant for gambling devices directed the officers to search the house of J. F. Garrett on the Bells Road in Madison County. The warrant was assailed on the ground that the description was inadequate, and that the search was illegal because the officer did not read the search warrant or exhibit it to the defendant. The Tennessee court said: "The description is sufficient if it enables the officer to locate with reasonable certainty the place to be searched. The description here met this requirement by directing the officer to search the house of J. F. Garrett on the Bells Road in Madison County." In answer to the second contention, the court

said: "We have no statute requiring the officer to exhibit or reveal the search warrant at the time of the search." And citing 47 Am. Jur., Searches and Seizures, § 39, the Tennessee court continued: " 'No formal statement as to the contents of the warrant is necessary to its execution. And unless the statute so provides, an officer charged with the execution of a lawful warrant is not obliged to exhibit the warrant as a prerequisite to the right to execute it.' "

A search warrant serves as the officer's authority to make the search and seizure as well as his directions as to where to search and what to seize. We have no statute in Arkansas requiring the officer to exhibit or reveal the search warrant at the time of the search but, as a mattter of course, he must reveal his identity and his authority when requested to do so by the owner, occupant or one in rightful possession of the property to be searched or the thing to be seized.

We are of the opinion, and so hold, that the description of the property as set out in the search warrant was sufficient, and that it was not necessary for the officers to notify Easley of the impending search or to serve the search warrant on him.

The judgment is affirmed.