STATE of Arkansas *v.* Joe Lawrence CASHION et ux

CR 76-29                                    539 S.W. 2d 423

Opinion delivered July 6, 1976
[Rehearing denied September 13, 1976.]

*Jim Guy Tucker,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellant.

No brief for appellees.

FRANK HOLT, Justice. This is an interlocutory appeal by the state pursuant to Arkansas Rules of Criminal Procedure, 16.2 (d) and 36.10 (1975). The trial court held that the description "and curtilage and appurtenances contained in the description of the premises to be searched as stated on the face of the search warrant is of no legal consequence." The court then "ordered that any and all evidence contained in any out building or on any premise other than the residence and the area [a garden] observed by [the officer] be suppressed." We make it clear that the only issue presented is whether the words "and curtilage and appurtenances" were a sufficient description in a search warrant to allow the search of a chicken house located 20 to 40 feet from the described residence or farmhouse and a hay shed located 300 feet from the house and 25 to 30 feet from a barn described in the search warrant. It appears that no evidence (marijuana) was found in the barn.

It is well established that only unreasonable searches

and seizures are prohibited by our State (Art. 2, § 15) and Federal (Fourth Amendment) Constitutions. *Wickliffe & Scott v. State,* 258 Ark. 544, 527 S.W. 2d 640 (1975); and *Carroll v. United States,* 267 U.S. 132 (1924). The degree of particularity required of a description in a search warrant is governed by the facts and circumstances of each case. *Easley v. State,* 249 Ark. 405, 459 S.W. 2d 410 (1970); and *Perez v. State,* 249 Ark. 1111, 463 S.W. 2d 394 (1971).

Here the search warrant contained a description of a farmhouse with a red barn and also the additional words "and curtilage and appurtenances." Pursuant to this description, the officers searched the farmhouse and the other buildings adjacent thereto, all within 300 feet of the described house. In *Walker v. U.S.,* 225 F. 2d 447 (5th Cir. 1955), the court said:

> The barn here searched was a domestic building constituting an integral part of that group of structures making up the farm home. Every case must be decided upon its own peculiar facts, and we hold that, under the facts here, this barn was a part of the curtilage. In *Taylor v. United States,* 1931, 286 U.S. 1, 52 S. Ct. 466, 76 L. Ed. 951, the house searched was a metal garage adjacent to the dwelling house; in *Robinson v. United States,* 6 Cir. 1948, 165 F. 2d 752, the search was a smokehouse; and in *Walker v. United States,* 5 Cir. 1942, 125 F. 2d 395, 396, the search was of a shed consisting of a chicken house and garage, which stood fifty to sixty feet from the dwelling house; in each instance it was considered that the curtilage was involved.

See also *Rosencranz v. United States,* 356 F. 2d 310 (1st Cir. 1966); *United States v. Meyer,* 417 F. 2d 1020 (8th Cir. 1969); and 68 Am. Jur. 2d, Searches and Seizures, § 78. Cf. *Durham v. State,* 251 Ark. 164, 471 S.W. 2d 527 (1971). In the case at bar we hold the description of the farmhouse, barn, "and curtilage and appurtenances" was sufficient to authorize the officers to search the chicken house and hay shed on the farm.

Reversed and remanded.