### FRANK GREEN v. THE STATE.

No. 400.     Decided February 2, and April 13, 1910.

**Burglary—Insufficiency of the Evidence.**

See opinion for evidence held to be insufficient to sustain a conviction for burglary.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of burglary; penalty, two years impris-
onment in the penitentiary.

The opinion states the case.

*L. W. Greenly,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of bur-
glary, his punishment being assessed at two years confinement in the
penitentiary.

The only question submitted for consideration by this court is the
sufficiency of the evidence. It is shown by the statement of facts that
on the evening of May 29, 1909, Beatrice Benedict gave an enter-
tainment to a party of friends. She states that one of the parties
thought he would leave the house unobserved so as not to break up
the party, and walked around the side of the house, by the side en-
trance; that this gentleman brought defendant around and said: "Miss
Bee, I caught this boy jumping out of your window; you can do
whatever you please with him; you can either lock him up in this
room or call a policeman, or whatever you wish; that's all I have to
say." He then left. She says the window referred to was the window
of her bedroom, and she was very busy at the time, but said to ap-
pellant: "I know you, Frank Green; and I know you are a thief.
If I catch you in this yard again I will send you to the penitentiary."
That the defendant was very scared and went away. She identified
appellant as the man that was brought around by the friend she men-
tioned. She further testified that immediately after this she went to
her room and found the shutters open and some silver toilet articles
lying on the window sill—a brush and comb—and that on the outside
of the window was her jet necklace, which had been dropped and
stepped upon; that the necklace was worth about ten dollars. She
says appellant did not get anything from the room; that previous to
his entering the room the window was up, but that the shutters were
closed and hooked; that when it was discovered the things were gone
the shutters were open. The next morning a piece of iron was found
on the ground under the window, and there was an impression on the
window sill that corresponded with an abrasion that could be made
by the piece of iron. The theory is that the window shutters were
opened from the outside by being prized with this piece of iron. The
appellant had worked for the alleged owner of the house at one time
for two or three weeks, and his duties carried him in and about the
house and into the room of the witness, and all this afforded appel-
lant an opportunity to familiarize himself with the entire premises,
and that he was in fact familiar with the house and the plans of it.
The name of the alleged owner was Beatrice Benedict. The house in
question was a house of prostitution. A detective by the name of

Newman testified that on the morning after the burglary he went to the house burglarized, under the direction of the police headquarters, as detective, to look into the alleged burglary; that he found this piece of iron, which he called a jimmy, at the window, and found marks on the window where it had been opened by the iron; that the only thing this iron could be used for was to open doors or windows; that it was made of steel and was about seven or eight or ten inches long; that the marks were underneath the blinds and they just fit the marks this iron could make. He found defendant and asked him where he had been the night before, and he said he was drunk. The first witness, Beatrice Benedict, also testified that he was drunk at the time he was brought in her presence. The substance of the testimony for the defendant was to show an alibi. If this testimony is true, appellant was caught jumping out of the window, and immediately taken charge of by the unnamed friend of the witness Benedict and carried into her presence, who recognized him. Somebody had evidently entered the room, and the fact that the window shutters or blinds were prized open, is evidence to the effect that the house was entered from that direction or in that manner. We are of opinion that while the evidence is not as satisfactory as it could have been made, yet it is sufficiently strong to sustain the verdict of the jury.

The judgment is therefore ordered to be affirmed.

*Affirmed.*

ON REHEARING.

April 13, 1910.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term the judgment herein was affirmed. Appellant has filed a motion for rehearing in regard to the insufficiency of the facts. The case is as strongly stated in the original opinion as the evidence in the record will justify. We are of opinion, after a more careful review and consideration of the evidence, that this affirmance ought to be set aside and the judgment reversed. The evidence, as stated in the original opinion, is not satisfactory, and it could have been made much more so. The statement of facts shows and the opinion quotes statements made by an unknown party to the proprietress of the house as detailed in the original opinion to the effect that witness informed proprietress that he had caught this boy jumping out of the window. The name of this witness was not disclosed by the proprietress on the trial, and he did not testify. Without narrating the evidence further than as stated in the original opinion, and the uncertainty of it, its hearsay character, and nature, and its general weakness, we are of opinion the motion should be granted, the affirmance set aside, and a new trial awarded appellant.

The motion for rehearing is granted, the affirmance is set aside, and the judgment is reversed and the cause is remanded.

*Reversed and remanded,*