## Wilson Yarbrough v. State.

### No. 2082.    Decided November 27, 1912.

**1.—Theft—Circumstantial Evidence—Rule Stated.**

In cases of circumstantial evidence, the rule is that each fact necessary to establish guilt must be proven, and the facts and circumstances must not only be consistent with guilt, but inconsistent with any other reasonable hypothesis than the guilt of the accused.

**2.—Same—Case Stated—Insufficiency of the Evidence.**

Where, upon trial of theft, the evidence did not show the finding of any of the stolen property and the case depended entirely on circumstances, it was necessary to show that defendant, and defendant alone, was in such juxtaposition to the property as that he and he alone could have stolen it, or positively to have shown that others who had equal opportunity to steal the property did not do so.

**3.—Same—Circumstantial Evidence—Suspicions.**

Suspicious circumstances alone are not sufficient upon which to base a conviction; the circumstances must unerringly point out the defendant as the guilty person when circumstantial evidence is relied upon. Following Hogan v. State, 13 Texas Crim. App., 319, and other cases.

Appeal from the District Court of Camp. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*King & Engledow,* for appellant.—On question of circumstantial evidence: cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of theft, and his punishment assessed at two years confinement in the penitentiary.

There is but one serious question in the case—the sufficiency of the evidence. It is a case of circumstantial evidence and the rule of law is in that character of case, each fact necessary to establish guilt must be proven, and the facts and circumstances not only consistent with his guilt, but inconsistent with any other reasonable hypothesis. In this case the facts show that Will Thomas had his money stolen. He went into a tailor shop, pulled out his purse and laid it on the counter. He and his cousin and the proprietor went to the rear of the store. While in the rear department, appellant entered the store, passed by the counter on which the purse had been placed, and subsequently went out of the store. Another man also entered the store and passed the counter where the money had been laid down. All the witnesses describe this man as a stranger—no witness knowing his name, but the State's witnesses all place him in the store, as well as defendant. Thus an opportunity was offered for either appellant or the stranger to take the purse. When its loss was discovered both appellant and the stranger were searched, but the money and purse were not found, and had not been found when this case was tried. Appellant's cousin, who also had an opportunity to take the purse, was not searched, as he was not suspicioned. This cousin testified on the trial, and says he did not get the money; appellant also testified and swears he did not get the money. But the stranger who entered the store building is not located and does not testify. Applying the "rule of exclusion" does the evidence meet the requirement of the law? It is true appellant had ample opportunity to take the purse and money, but so did the stranger and the cousin of appellant. Many suspicious circumstances are also introduced in evidence, showing that apellant lied about his whereabouts from the time he entered the store until he was searched, but he was in no way connected with the money and the purse further than to show he had an opportunity to take it, as did the others. We think, to render sufficient the evidence in the absence of finding any stolen property, in a case depending entirely on circumstances, it would have been necessary to show that appellant, and appellant alone, was in such juxtaposition to the property as that he and he alone could have stolen it, or positively to have shown the others did not do so.

Suspicious circumstances alone are not sufficient upon which to base a conviction. The circumstances must unerringly point out the defendant as the guilty person, when circumstantial evidence is re-

lied on. Brooks v. State, 56 Tex. Crim. Rep., 513, 120 S. W. Rep., 878; Johnson v. State, 52 Tex. Crim. Rep., 510, 107 S. W. Rep., 845; Green v. State, 59 Tex. Crim. Rep., 6, 127 S. W. Rep., 549; Hogan v. State, 13 Texas Crim. App., 319; sec. 206, Branch's Criminal Law.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*