## P. F. TOMLIN v. THE STATE.

No. 13474. Delivered June 18, 1930.
Reported in 29 S. W. (2d) 767.

The opinion states the case.

*M. E. Lawrence,* of Eastland, and *J. Lee Cearley,* of Cisco, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is the possession of intoxicating liquor for the purpose of sale; penalty, confinement in the penitentiary for a period of two years.

Possessed of a search warrant, officers approached the appellant and were told by him that they needed no search warrant; that is, they could search his premises at any time. They found nothing incriminating in his immediate possession. On some land near his house they found several kegs of whiskey. There were tracks leading from his premises to the point where the liquor was found. There was no testimony identifying the tracks. In the appellant's yard there were two empty kegs. The land upon which the whiskey was found was not a part of the appellant's premises. There was no

testimony connecting him with the sale of any intoxicating liquor. In an automobile upon his premises there was found a quantity of sugar and some yeast. It appears from the testimony of the officers that a short time before the search was made they saw two other persons driving the car to the appellant's home; that one of the persons was the grown son of the appellant. The son resided with his father.

The appellant testified in his own behalf and disclaimed any connection with the whiskey or knowledge of its presence in the locality where it was found or elsewhere. He also testified that the place where the whiskey was found was not under his control. He had not previously been charged with an offense of any character. He was sixty-three years of age; had lived near Arlington, Texas, for forty-five years. He was the father of five children, all of whom were grown with the exception of one. He had lived on a farm in Eastland County for about three years.

The evidence is purely circumstantial. Its sufficiency is challenged. It is quite as cogent in support of the guilt of others as of the appellant. The circumstances are not regarded as sufficiently conclusive to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*