LUCY BRANCH v. THE STATE.

No. 13661. Delivered November 12, 1930.
Rehearing denied January 14, 1931.
Reported in 33 S. W. (2d) 1069.

The opinion states the case.

*A. R. Rucks* of Angleton, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Operating under a search warrant, officers found in the residence of appellant three gallon jugs, one of them full of whisky, one with about an inch in the bottom of it and the other empty. These were in the northeast room. In various dresser drawers they found a quantity of bottles. Several empty jugs with a strong odor of whisky in them were also found among some potato vines just outside of the house. Appellant introduced evidence tending to show that one Adam Franklin occupied the room in which the three gallon jugs above mentioned were found. The State showed that there were no men's clothes in this room, but women's clothes were hanging on the wall; that appellant, who was a woman, went in there to change her dress; that both she and Adam Franklin claimed that he was not rooming there but staying at a place across the street.

It is insisted that the following special charge should have been given:

"At the request of the defendant you are instructed that if you believe from the evidence, beyond a reasonable doubt, that whiskey was found in room in the house of defendant, but you further believe, or have a reasonable doubt thereof that said whiskey was owned and possessed by one Adam Franklin, then you will find the defendant 'not guilty.' "

This was intended to present the defensive issue that Franklin alone committed the offense without the guilty participation of ap-

pellant. We are of the opinion that such issue is not raised by the evidence. All the testimony goes to show that appellant was in possession and control of the premises, that Franklin, if there at all, was only a roomer and is sufficient to raise the issue, we think, that the offense may have been committed jointly by the two, but not that Franklin alone committed it.

The court quoted in his charge part of the statute on principals but in applying the law to the facts authorized a conviction of appellant only for her own act. He was authorized under the facts, we think, to submit the theory of the joint guilt of appellant and Franklin and might have authorized a conviction upon the theory of her guilty participation with Franklin in the commission of the offense. Complaint is made by appellant of the above charge. Under the particular facts of this case we think the mention by the court of the abstract law of principals in his charge could not have harmed appellant, particularly since the court authorized a conviction of appellant only for her own acts. This question was recently discussed in the case of Durham v. State, 16 S. W. (2d) 1092, and what was there said disposes of the only contention of appellant concerning this charge worthy of discussion.

Objection was made to the testimony of the searching officers on the ground that the affidavit and search warrant failed to properly describe the premises. The premises are described therein as follows:

"An old unpainted three room frame house located about a block West of the H. & B. V. R. R. in the negro quarters in the town of Angleton, and located just North of the negro 'Hall.'"

The officer testified in part:

"Yes sir, there was four rooms in the house I searched; it was a three room house and there had been a little partition built in the back room; it was originally, I imagine, a three room house. * * * The place I searched is located just North of the 'Hall,' and that 'Hall' is located somewhere around two blocks west of the H. & B. V. Railroad tract and there are no other 'Halls' in close proximity to the 'Hall' I have spoken about. * * * The house that I searched was the first house north of the house I term the 'Hall.'"

We think the description, under the authorities, was clearly sufficient and that there is no variance between the allegations and the proof offered. We regard the evidence of the officers as sufficient to identify the house as being the same one described in the affidavit

and search warrant. Cornelius on Search and Seizure, Secs. 119 and 116.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing but reiterates the contention made upon the original hearing that there was evidence calling for an instruction to the jury to the effect that there should have been an acquittal of the appellant if the offense was committed by Adam Franklin alone. The view is expressed that the announcement in the original opinion that the evidence was not such as rendered it incumbent upon the court to give the instruction mentioned is correct.

The motion is overruled.

*Overruled.*