## THURMAN LATHAM v. THE STATE.

### No. 14020. Delivered March 18, 1931.

The opinion states the case.

*B. F. Reynolds* and *Jeff A. Fowler,* both of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction for maliciously destroying personal property,; punishment, a fine of $50.00.

Appellant raises the issue of the sufficiency of the evidence to support the verdict. The evidence offered in the trial was as follows:

Testimony of R. L. Brown: "My name is R. L. Brown. I reside in Throckmorton County, Texas. On the night of June 1, 1930, my car was standing in the yard near my house. So far as I know all the casings were all right. The next morning I drove the car to a filling station near my home and when I reached the filling station one of the casings were flat. I examined the casing and it showed to have been cut with a knife or some sharp instrument. On the night of June 1, 1930, Buck Bales and Thurman Latham came to my house and I loaned Latham $2.00 and he left a gun with me to secure the loan. Later I learned that the gun was not his and gave it back to him. He said he was looking for some whiskey."

Testimony of Buck Bales: "On the night of June 1, 1930, I went with the defendant, Thurman Latham, to the residence of R. L. Brown to get some whiskey. While near the house I loaned my knife to Thurman Latham and he went around behind Brown's car and I heard a noise that sounded like air escaping from a casing while Latham was near the car."

Testimony of appellant: "My name is Thurman Latham. I am the defendant in this case. I went with Buck Bales to the residence of R. L. Brown on the night of June 1, 1930. We went to get some whiskey. We got some whiskey from Brown. I did not cut any auto-

mobile casing belonging to R. L. Brown or anyone else. I did not know he had a casing cut until I heard of it later."

It is shown by the witness Brown, as above stated, that he did not discover that there was anything the matter with his casing until he had driven his car from his place to a filling station near his house and that when he reached the filling station, one of said casings was flat. This in itself does not conclusively show that the casing had been cut the night before. Accepting the testimony of the State in its most favorable light, the case is based entirely on circumstantial evidence, and in our opinion the circumstances proven do not exclude every other reasonable hypothesis, except that of appellant's guilt.

Proof which only amounts to a strong suspicion or mere probability is not sufficient to support a conviction. Pogue v. State, 12 Texas App., 283; Hogan v. State, 13 Texas App., 319; Hernandez v. State (Texas Crim. App.), 72 S. W., 840.

It is a very serious question in our mind that the testimony of the State's witness, Buck Bales, if true, does not make him an accomplice in the commission of the offense charged against the appellant. There is absolutely no corroboration of his testimony. Appellant on the other hand testified that he did not cut any automobile casing belonging to R. L. Brown or anyone else. We do not believe the evidence is sufficient to support the verdict.

Another serious question is raised by appellant's bill of exception which shows that when this case was called for trial that the appellant objected to being tried before the jurors on the panel because he had been tried and convicted twice on the previous day on similar charges to those being tried in this case before the same jurors. The court overruled said objection and appellant then and there excepted and the appellant was forced to select a jury from the first twelve men on the list furnished, and thereby was forced to accept jurymen who had twice convicted him on similar charges. Although this bill presents a serious question, in view of the disposition we make of this case, we do not deem it necessary to further discuss it.

Because of the insufficiency of the evidence to support the verdict, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.