## KERMIT MIDDLEBROOK V. THE STATE.

No. 15602.  Delivered February 1, 1933.
Reported in 56 S. W. (2d) 872.

The opinion states the case.

*R. G. Allen, Jr.,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft, punishment being two years in the penitentiary.

On the night of March 18th, two cases containing medical instruments were stolen out of an automobile belonging to Dr. Nichols, while the car was parked in his garage in Richmond, Fort Bend county, Texas. Five days later this property was found in Houston, Harris county, Texas, at the home of Mrs. S. R. Middlebrook, appellant's mother. The property was found by officers in a cedar chest belonging to Mrs. Middlebrook, and which she testified was in a room which had been rented to and occupied by a man named Dailey. Appellant was never shown to have been in Richmond about the time of the theft, and was never shown to have been in the actual possession and control of the property in question. The state was compelled to rely on the possession of recently stolen property to make out the semblance of a case.

"To warrant an inference or presumption of guilt from the

circumstance alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant." Branch's Ann. Tex. P. C., sec. 2463, p. 1332. Among many cases annotated is Lehman v. State, 18 Texas App., 174, The search of Mrs. Middlebrook's home occurred late at night. Appellant was not present. His wife was there. Appellant had been there earlier in the night. This was explained by appellant's witnesses. They claimed that his mother was sick and appellant early in the evening had gone by to see how she was; that he had gone home and his wife was spending the night there to wait on Mrs. Middlebrook. Appellant was arrested at his sister's residence the next morning, which place was claimed to be the home of appellant and his wife. The nearest approach by the state to meeting the requirements of the law is found in officer Harper's evidence. On direct examination he testified that he knew where appellant lived and recovered the property at that place. On cross-examination he testified that he had seen appellant at his mother's home only once in the last three months, and that was early in the evening of the same night the property was found. We gather from the officer's testimony that appellant had been frequently arrested, the officer testifying "every time we caught him" it was at his mother's house. The officer said appellant at one time told him that he (appellant) lived at his mother's, but further said he could not say whether it was "three months, a year, or two years" before he was arrested on the present charge. The officer further testified: "I know I saw this defendant there some few hours before I found the goods there. I know further that that is the place the. defendant's mother resides, and so far as I know that is the only connection of the defendant with this charge." As we understand the law the state failed to make out a case. If we go to the evidence introduced from appellant's witnesses, it shows that he and his wife lived with his sister, some distance from his mother, and had been living there several months; that none of his clothes or personal belongings were at his mother's place. The latter testified that she had rented a room to Dailey, and that he kept some of his things in a cedar chest belonging to witness, and that Dailey had brought the stolen articles to the house and placed them in the chest where the officers found them; that the articles were wrapped up at the time he brought them there and she did not know at that time what they were. Upon the facts this present case is similar to those in Lemon v. State, 89 Texas Crim. Rep.,

361, 231 S. W., 388, where the evidence was held insufficient. See, also, the authorities cited in the opinion in Lemon's case.

We would also call attention that this case depends on circumstantial evidence alone. The facts present the hypothesis of Dailey's guilt more strongly perhaps than that of appellant's, if credence can be placed on the evidence of Mrs. Middlebrook. It at least furnishes application of the rule that "where the evidence is quite as cogent in support of the guilt of another person known or unknown, to the exclusion of the defendant, it is not sufficient." Texas Jurisprudence, vol. 18, sec. 322, p. 446; Yarbrough v. State, 69 Texas Crim. Rep., 150, 151 S. W., 545; Tomlin v. State, 115 Texas Crim. Rep., 307, 29 S. W. (2d) 767; Lowe v. State (Texas Crim. App.), 77 S. W., 220.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*