PETE RENFRO v. THE STATE.

No. 15743. Delivered March 29, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 416.

The opinion states the case.

520

*A. T. Blackshear,* of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

The affidavit for the search warrant contains the following:

"Before me, the undersigned authority, on this day personally appeared A. G. Maxwell, and R. J. Damrel, who, after being duly sworn on oath deposes and says: That within a certain house or outhouse, located in Jasper, Jasper County, Texas, and particularly described as follows: Being an unpainted dwelling-house located about 1¼ miles Northeast of the Jasper County Court House being the 5th house on left side of Burch Avenue going North from what is generally known as Depot Road which said place one Pete Renfro who has charge and control of, there is located certain property and implements described as follows; towit: spirituous, vinous and malt liquor, capable of producing intoxication, kept for the purpose of sale."

The recitals in the search warrant follow the affidavit.

Opposition to the proof of the result of the search is made upon the ground that the affidavit fails to state the facts upon which the warrant for the search of a private residence may be obtained, as provided by article 691, P. C., 1925, in that the affidavit omits that part of the statute upon which the right to search a private residence is predicated, namely: "* * * No warrant shall be issued to search a private dwelling occupied as such, unless some part of it is used as a store, shop, hotel or boarding house, or for some purpose other than a private residence, or unless the affidavits of two credible persons show that such residence is a place where intoxicating liquor is sold or manufactured in violation of the terms of this act."

Upon the premises of the appellant the officers found whisky, wine, home-brew, brandy, and beer, all of which were of an intoxicating nature; also a number of jugs and beer bottles.

There were four rooms in the appellant's house. In one room he had a counter "or what they call an 'eating joint' and a dance hall." There were four bed rooms and a dining room. In the dining room was an ice box containing the home-brew mentioned. From the testimony we quote: "The (front) room was used for cooking purposes. I would call it a restaurant room."

The witness testified that on a former occasion he had seen

meals served to people; that at one time of a recent date, he had seen a number of boys sitting on eight stools at the counter eating and drinking.

The evidence characterizes the place as one "used for purposes other than a private residence," and therefore not within the restrictions applicable to a private residence as set forth in article 691, supra. Under such conditions as the evidence reveals, the absence of an averment in the affidavit for the search warrant that it was a place where intoxicating liquors were sold, did not vitiate the warrant or render the search illegal. See Ruhmann v. State, 113 Texas Crim. Rep., 527.

Perceiving no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Article 691, P. C., relating to search warrants in liquor cases, provides that a search warrant in the ordinary form may issue to search a private residence if any "part of it is used as a store, shop, hotel or boarding house, or for some purpose other than a private residence." The testimony in this case shows without contradiction that appellant had been serving meals in the room of his house in which the intoxicating liquor was found; also without contradiction that it contained a counter at which were seven or eight stools, and that parties had seen groups at this counter eating barbecue. It was referred to as a sort of restaurant by one witness and by another as an eating place. Neither appellant nor any member of his family took the witness stand or attempted to dispute the proposition that this characterization of this room was correct or to show that it was used only as a private residence. We still think the trial court not in error in his failure, under the facts of this case, to define a private residence.

The motion for rehearing will be overruled.

*Overruled.*