### LINNIE BURNS V. THE STATE.

No. 15810. Delivered April 5, 1933.
Rehearing Denied June 7, 1933.
Reported in 60 S. W. (2d) 793.

132

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being assessed at confinement in the penitentiary for one year and three months.

Acting under a search warrant, officers went to appellant's place. When they entered, a young man was drinking beer; appellant had a bottle of beer in his hand, and was preparing

to pull the cap off. One of the officers then went a little southwest from the house nineteen steps to some shrubbery, and there found a half a gallon of whisky and a pint of whisky. They also found northwest of the house a case of beer and a five-gallon container which had ice water in it and some bottles of beer in the water. The evidence shows that neither the whisky nor beer found was on the lot which had been leased to appellant, but it was nearer appellant's filling station than to any other house in the vicinity. Appellant denied knowledge of the presence of the whisky or beer found outside the house, and claimed that he had no possession or control of the same in any way. He also denied that anybody was in the house drinking beer when the officers entered or that he had a bottle of beer preparing to open it. After appellant gave the testimony indicated, one of the officers was called in rebuttal, and testified that from the place where was found the case of beer and the five-gallon container a trail led back toward the house, which trail appeared to end at the point where the beer was found. The evidence shows that, where the term "beer" was used by the witnesses, they referred to what is commonly known as "home brew."

As shown by bill of exception number two appellant opposed the evidence of the officers regarding the result of the search; one ground of objection being that the description in the affidavit and warrant of the property to be searched was insufficient. We discover no defect in the description. Many similar affidavits and warrants have been upheld. It was stated therein that the property was in justice precinct No. 1 in Coleman County, Texas, and more particularly described as "a one-story wooden building, and being a residence, store and filling station combined * * * located on Coleman-Burkett highway near the city limits of Coleman, Texas, and occupied as a private residence by Linnie Burns." Odell v. State, 105 Texas Crim. Rep., 646, 290 S. W., 164; Hernandez v. State, 109 Texas Crim. Rep., 246, 4 S. W. (2d) 82; Branch v. State, 116 Texas Crim. Rep., 205, 33 S. W. (2d) 1069; Schwartz v. State, 46 S. W. (2d) 985; Dikes v. State, 48 S. W. (2d) 259; LaFitte v. State, 54 S. W. (2d) 133.

Another objection urged to the evidence of the officers was that the affidavit did not comply with the requirements of the law in securing a warrant to search a private residence. We find nothing defective about the affidavit in the particular mentioned. It is pertinently stated therein that intoxicating liquor was being "sold or manufactured at said place and on said premises." See article 691, P. C. Even if the averment that

intoxicating liquors were *sold* or *manufactured* had been omitted, the facts stated in the affidavit that the house to be searched was used as a "residence, store and filling station combined" would bring it under the provision in said article that such averment was unnecessary when some part of the private dwelling was "used as a store, shop, hotel or boarding house, or for some purpose other than a private residence."

Bill number one brings forward complaint because one of the officers, after testifying to what they saw in the house, said, "I then went out into the premises," and found the whisky and beer as heretofore detailed. The expression quoted in connection with the other statements of the witness was objected to as an assumption on the part of the witness that the liquor was found on the premises of appellant, and was incompetent, unless it was first shown that the liquor was found on premises controlled by him. We do not regard the particular statement quoted subject to the construction that the witness was expressing an opinion that the liquor was found on appellant's premises; but, if so, it does not seem of sufficient moment to demand a reversal in the light of the entire record. The fact that the liquor may have been found on property not leased by appellant would not render evidence of its finding inadmissible if otherwise relevant. What has been said also disposes of bill of exception number three.

Bills of exception four and five may be considered together. It is shown by bill four that the state introduced the City Marshal of Coleman as a witness, who was asked by the district attorney the question, "Have you ever watched that place at night?" referring to appellant's place. Upon objection being interposed that the question was prejudicial, the court instructed the jury not to consider it for any purpose. It is apparent from bill number five that the question to which objection was sustained was preliminary to the evidence given by said witness that he had had occasion to observe people coming and going from such place, and had seen people drive in and out of there and then come down town and that he would later find them drunk. This evidence was objected to on the ground that it had no bearing upon the issue of whether appellant possessed intoxicating liquor for the purpose of sale, and that the same referred to other and different transactions. The state was relying upon circumstantial evidence to make out the case against appellant, and all proper evidence which was not too remote and which threw light either upon the issue whether appellant possessed intoxicating liquor, and, if so, for what purpose, was pertinent. There is nothing in the bill which

advises us that the matters inquired about of the City Marshal related to transactions which were so remote as to be not pertinent to the issues under investigation. The action of the court in receiving the testimony which was admitted does not exhibit error. In advising the jury not to consider the question whether the witness had been watching appellant's place of business sufficiently protected him against any conclusion the jury might have otherwise drawn from the question that the officers were of opinion that appellant was violating the law.

Having considered and discussed all questions raised by appellant, we are of opinion that no error is presented upon which a reversal can justly be predicated.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Bill of exception No. 2 carries the proposition that the affidavit for the search warrant is inadequate to authorize the search for the reason that it does not comply with that part of article 691, P. C., 1925, requiring that the affidavit of two credible persons *show* that such residence is a place where intoxicating liquor is sold or manufactured. The affidavit of O'Bar and Mills is in the form of a direct statement describing the premises as a place where intoxicating liquor is unlawfully sold or manufactured. However, the contention of the appellant is not sound for the additional reason, namely, that by the affidavit and facts proved the case is brought within the purview of the exception to the principle relied upon which occurs in article 691, supra, in these words: "No warrant shall be issued to search a private dwelling occupied as such, unless some part of it is used as a store, shop, hotel or boarding house, or for some purpose other than a private residence, etc."

By the averments in the affidavit and the proof upon the trial, it appears that the premises searched were used not only as a dwelling but as a place of business; namely, a filling station and for the sale of intoxicating liquors. The case of Renfro v. State, 59 S. W. (2d) 416, is deemed in point.

In approving bill of exception No. 1, the court refers to the statement of facts. In the motion for rehearing, appellant takes the position that the use of the word "premises" amounted to a conclusion of the witness that the place where he found the articles mentioned was in possession of the appellant. On direct examination, according to the statement of facts to

which the court refers in qualifying the bill, the witness testified that he drove to a filling station, rushed into the house, and found a young man drinking beer; that he then went out nineteen steps from the house and found a case of beer and went west and a little south to some shrubbery and got a half-gallon and a pint of whisky.

The affidavit for the search warrant contains the following:

"* * * That in and upon certain premises in Justice Precinct No. 1, in the aforesaid County and State and more particularly described as follows, to-wit:

"(a)    A.    One Story Wooden Building, and being a residence, store and filling station combined, and all out building and premises appurtenant thereto."

The evidence shows that the lot upon which the house was situated as 52 feet wide and 115 feet deep. Appellant testified that he did not rent any property nineteen steps southeast, southwest, or south from his house, and exercised no control over that part of the premises. The officer who testified said that to the place where he found the beer in the container to which he testified on direct examination there was a trail which practically ended at the place where the beer was found. The term "premises," as it applies to a dwelling, is discussed in the case of Wolf v. State, 110 Texas Crim. Rep., 124, and subsequently discussed in other opinions of this court. See Comeaux v. State, 42 S. W. (2d) 255; Dikes v. State, 48 S. W. (2d) 259.

Upon re-examination of the record, the opinion is entertained that the proper disposition of the appeal was made upon the original hearing.

The motion for rehearing is overruled.

*Overruled.*