## ROGER MORELAND v. THE STATE.

No. 16752. Delivered May 23, 1934.

The opinion states the case.

*A. C. Chrisman* and *J. K. Russell,* both of Cleburne, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being assessed at two years in the penitentiary.

It is earnestly insisted that the evidence is insufficient to support the verdict under the rule relating to circumstantial evidence.

On the night of September 20, 1933, the Dickson Hardware Store, situated in Cleburne, Johnson County, was burglarized. The entry was made from the roof of a one-story building by prizing the rods off across a window, and breaking the glass, which permitted the burglars to enter and come down the stairway on the inside of the store. The property taken from the store consisted of six guns of various kinds, two being 22 rifles, a quantity of different kinds of ammunition, some knives and flashlights. Two pasteboard window shade boxes were gone. The 22 rifles could be put in the boxes. A hunting coat was also taken. The next morning the sheriff found at the back of a vacant house the two 22 rifles, one window shade box, and some ammunition. These articles were returned to the store and identified. The other four guns, window shade box and coat were never recovered so far as this record shows. There is no evidence showing how the property found at the vacant house got there, nor the location of such house with reference to the house of appellant's father, with whom appellant lived.

The following evidence is relied on by the State to connect appellant with the burglary. Officers who were on duty on the night of the burglary saw appellant and one Hulen in the vicinity of the burglarized store more than once, the first time about twelve o'clock. The two parties named at one time were driving in a car belonging to Mr. Joplin. Where they went in the car was not known. At four o'clock officers saw appellant and Hulen walking on the sidewalk across the street from the burglarized store. The officers stopped the boys, asked where they came from and the boys replied that they had just come across the street. One of the officers told them they had better go home. Appellant said he wanted to go and see a party at the ice plant, and that he would then go home. An officer went to the ice plant but saw neither appellant nor Hulen there. About five o'clock in the morning appellant and Hulen were again seen by the officers. At that time the two boys were walking near

the stairway leading up over the burglarized store. The boys had nothing with them. The officer went to the boys and inquired what they were doing out that time of day. Hulen replied that they had been asleep. When the officer went off duty at six o'clock appellant was in Mr. Chappell's Cafe, sitting at the counter. Hulen and appellant went in the cafe together. Hulen came out immediately, but appellant remained there.

Mr. Chappell's testimony, in substance, follows: He opened his cafe between four and five o'clock. Shortly after witness opened the cafe appellant and some one with him whom witness did not know came into the cafe and ordered coffee. Appellant stayed in there until after six o'clock. He had some conversation with witness; the other party who had come into the cafe with appellant was not present when the conversation occurred, having already left. Appellant asked witness if the back door was locked, and upon being told that it was appellant said he would give ten dollars if witness would let appellant out the back door. At that time some of the officers were out in front. Appellant also offered to give witness a gun if he would let him out the back door. Witness said "he just offered me a gun, any kind of a gun I might want, to unlock the back door." Witness declined to unlock the door. Appellant had no gun with him at the time. Appellant then asked when the night force went off duty and witness told him at six o'clock. Appellant left the cafe a few minutes after six o'clock. Shortly after appellant left the cafe witness went out in front and saw appellant walking down the street going east towards the hardware store. Witness stepped back in the cafe, lighted a burner, and again went out on the sidewalk. He then saw appellant near the stairway of the hardware building, walking west on the sidewalk. He went across the street. Appellant had something with him at that time. Witness said "it looked like a paste board box from where I was standing, and it looked like there was a tow sack or some kind of cloth hung over the end of the box." Witness thought the color of the box was brown, and three or four feet long, and said the box then in the court room was about the length of the box appellant had. The last time witness saw appellant he was leaving Henderson Street and was going up Anglin Street. At the time witness last saw appellant with something on his shoulder it was getting daylight. The burglarized hardware store was about a block down the street from the cafe. Witness never saw appellant enter the stairway at the hardware store, or come from the stairway.

It will be observed that the nearest the State came to show-

ing appellant ever to have been in possession of any of the stolen property was the evidence of Mr. Chappell who saw appellant crossing the street with something on his shoulder that looked like a paste board box about as long as the one in the court room. It is not surprising that the witness did not undertake to identify the box present at the trial as the one had by appellant. When appellant was seen by the witness it was just getting daylight, and appellant was perhaps a block or half a block away.

The circumstances proven by the State raise a strong suspicion against appellant, and it may be he is a very guilty boy, but where circumstantial evidence is relied on the law demands more than proof which amounts only to strong suspicion. See Branch's Ann. Texas P. C., sec. 1877; Pogue v. State, 12 Texas App., 283; Clifton v. State, 39 Texas Crim. Rep., 619, 47 S. W., 642; West and Hernandez v. State, 116 Texas Crim. Rep., 468, 34 S. W. (2d) 253; Latham v. State, 117 Texas Crim. Rep., 362, 36 S. W. (2d) 763; Rice v. State, 53 S. W. (2d) 629.

For the reason indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*