### L. W. COOK v. THE STATE.

No. 16819. Delivered June 13, 1934.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was charged by indict-

ment in one count with the offense of forgery and in another count with the offense of knowingly and fraudulently passing as true to F. H. Johnson a false and forged instrument, etc. Upon the trial the court in his charge to the jury submitted both counts. The jury returned a general verdict finding the appellant guilty and assessed his punishment at confinement in the State penitentiary for a term of two years.

The appellant contends that the evidence is wholly insufficient to warrant the conviction. The testimony adduced by the State shows that on the 10th day of October, 1931, the appellant presented to F. H. Johnson a check in the sum of $10.00, purported to have been signed B. B. Lamb and payable to the appellant. This check was presented by the appellant to Johnson for the purpose of transferring the same to the said Johnson and securing from the said Johnson the sum specified in the check. Johnson at that time did not have sufficient money on hand to cash the check but he indorsed the same and instructed the appellant to go to the courthouse market where he could get the money. The check was indorsed by both L. W. Cook, the appellant, and the said Johnson. The check was drawn on the First National Bank of Fort Worth, Texas, by B. B. Lamb. F. H. Johnson, the prosecuting witness, testified that in a few days the check was returned to him and he, as indorser, had to pay the same. Johnson further testified: "I do not know of any such person as that residing in Tarrant County. We tried for nearly a year to find out if there was such a party but we couldn't find that name anywhere. After I got the check I attempted to find out who gave the check but did not find him. After going to one or two places looking for the party who gave the check no one seemed to know him. They had heard of such a man but not the same initials."

A. B. Lewis, who was connected with the First National Bank at Fort Worth in the bookkeeping department, testified: "I do not recall having seen the check that you handed me but there was no account at the First National Bank of Fort Worth, Texas, on October 10, 1931, under the name of B. B. Lamb. I don't know any such person. I have looked at the indorsement on the reverse side of this check but it was rather dim and as to whether or not I can make out any of the characters will state that I can make it out after you said it is L. W. Cook. I do not want to express an opinion as to whether the writing on the check and the name of L. W. Cook on the back thereof is the same."

This constitutes in substance all the testimony adduced upon

the trial. The sufficiency of the State's testimony to show that the name of Lamb was forged is made to depend entirely on the State's proof that no such person had been found in the city of Fort Worth and that it was therefore fictitious, but this proof falls far short of establishing the fact that the appellant committed a forgery or that someone else forged the check and that the appellant knew it at the time that he passed it to the prosecuting witness Johnson. There is no testimony in the record which would justify the conclusion that the appellant forged the name of B. B. Lamb to the check. The State made no attempt to show that any part of the check was in the handwriting of the appellant except his indorsement on the back of same, nor is the evidence sufficient to warrant the conclusion that the appellant knew that the check was a forgery at the time that he secured Johnson's indorsement and cashed the check. It is not charged in the indictment that B. B. Lamb was a fictitious person and the case was not tried upon such theory nor was such issue submitted to the jury by the court in his charge. Where the evidence fails to show that the appellant at the time of passing the alleged forged instrument knew that the check was a forgery, or where the circumstances adduced upon the trial do not exclude every other reasonable hypothesis except the guilt of the defendant, the judgment of conviction is not justified.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.