L. R. HEPWORTH, *alias* LUKE HENDERSON, *alias* LEROY SHERMYER, *alias* ROY L. HEPWORTH, *alias* LEROY HEPWORTH, *alias* L. R. HENDERSON, v. THE STATE.

No. 19650. Delivered April 27, 1938.
Rehearing October 12, 1938.

The opinion states the case.

*Harvey P. Shead,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is passing a forged instrument; penalty assessed at confinement in the penitentiary for two years.

The State's witness, S. G. Niekirk, testified that he was a clerk at the Kilgore Hotel in the city of Kilgore, Texas; and was so employed on February 16, 1937. Appellant came to the hotel in company with a lady and registered under the name of Luke Henderson. The appellant presented to the witness in payment of the hotel room a cashier's check for the sum of $25.00 drawn on the Guarantee Bank and Trust Company of Houston, Texas. Appellant indorsed the check in the presence of the witness, who then accepted it. After deducting the sum of $5.00 in payment of the room the witness gave appellant $20.00 in money. In response to an inquiry made by the witness, the appellant said that he was connected with the Intercostal Petroleum Comporation of Houston, Texas. The witness searched the telephone directory of Houston but failed to find the name of the corporation mentioned. He then made an effort to find the name of the bank upon which the check was drawn. Finding no such bank listed in the directory, the witness called the officers who came to the hotel and took the appellant into custody. The witness testified that the officers searched the appellant in his presence and found upon his person a similar check for $30.00. The witness said that he did not undertake to cash the check and did not present it to the bank for payment.

Claud R. Truett testified that he was a State Bank Examiner; that he was acquainted with the different banks in the State of Texas, and that there was no such bank as the Guarantee Bank and Trust Company of Houston, Texas, on February 16, 1937.

I. S. Knox testified that he was connected with the police department in the city of Kilgore; that he saw the appellant at the Kilgore Hotel on February 16, 1937; that he searched the appellant and took him into custody.

Miss Pansy Phipps testified that she was employed at the Kilgore Hotel on the 16th day of February, 1937; that the appellant presented to Mr. Niekirk (the clerk) a cashier's check and received payment thereon. She positively identified the appellant upon the trial as did the witness Niekirk.

Appellant did not testify upon the trial nor did he offer any testimony in his own behalf.

He contends that the proof is insufficient to show that he knew the instrument was forged at the time that he passed it. The testimony shows that there was no such bank in Houston, Texas, as the Guaranty Bank and Trust Company of Houston, Texas. Consequently, there could not have been any cashier thereof. Therefore, the name of the cashier appearing on the check was fictitious. Knowledge of forgery may be shown by circumstances as well as by direct evidence or by acts and conduct of the party undertaking to pass the forged instrument. In the instant case, we have testimony not only that there was no such bank and no cashier of such bank, but appellant had in his possession another check apparently issued by the same fictitious person. Furthermore, appellant registered at the hotel where he passed the alleged forged check under an assumed name and told the person to whom he passed it that he was employed by the Intercostal Petroleum Corporation of Houston, Texas, when there was no such corporation. We think these facts are sufficient to establish knowledge on his part that the check which he passed was a forgery.

Appellant relies on the case of Cook v. State, 72 S. W. (2d) 919, as supporting his contention. We think that case is readily distinguishable from the instant case. In that case there was testimony to the effect that the witness had heard of a man by the name of Lamb, whose name was alleged to have been forged. There was also testimony to the effect that there was a First National Bank at Fort Worth, Texas, upon which the alleged check was drawn. The alleged forged check was made payable to appellant who indorsed it and passed it, but not under an assumed name. In that case it was not charged in the indictment that Lamb was a fictitious person and the case was not tried upon such a theory, nor was such issue submitted to the jury.

We think the facts bring this case within the rule announced by the court in Morley v. State, 242 S. W. 1055; Mettal v. State, 232 S. W. 315; Mathis v. State, 50 S. W. (2d) 312; and Hancock v. State, 57 S. W. (2d) 111.

While the indictment in the present case contains two counts, only the second was submitted to the jury, and their verdict is based upon that count alone. However, in the judgment and sentence the appellant is adjudged guilty of both forgery and passing a forged instrument. Therefore, the judgment and sentence appearing in the record, and the minutes of the trial

court, will be corrected so as to adjudge the appellant guilty of passing a forged instrument, and the sentence will also be reformed to conform thereto. See Wright v. State, 59 S. W. (2d) 155.

As reformed, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that the evidence relied on by the State does not meet the rule demanded where circumstantial evidence is involved.

Upon original submission we were not favored with a brief for appellant and in the motion for rehearing and the brief and argument in support thereof our attention is called to some matters overlooked originally. We attached some significance to the evidence that when appellant was arrested there was found in his possession another check similar to the one declared on in the indictment. It is pointed out in appellant's motion that the evidence regarding this other check was withdrawn from the jury, and therefore, was not properly subject to our consideration.

The alleged forged instrument set out in the indictment bears no date other than may be inferred from the following notation, viz.: "12/31." There is no innuendo averment as to the meaning of the quoted figures. It is averred that the forgery was committed and that the passing of the instrument occurred on the 16th day of February, 1937. If it could be inferred that the quoted figures represented the month and day upon which the instrument purported to be executed it may have been on the 31st day of December, *1936*, some six weeks prior to the time the instrument was passed. It will be noted that the instrument purports to be a cashier's check against the "Guarantee Bank & Trust Co." of Houston, Harris County, Texas. It was passed in Gregg County. Outside of the circumstances attending the transaction the only evidence regarding the existence or nonexistence of any such bank is from a State Bank Examiner whose testimony is restricted to the point that there was no such bank in Houston on the 16th day of February, 1937, nor at the time of the trial. There is an entire absence of testimony as to whether any such bank was in existence in December, 1936, or at any time prior to February 16, 1937. No effort was made— or if made it is not shown—to collect the money on said check.

Under the circumstances stated we think the State failed to

discharge the burden required to show the instrument declared on to have been a forgery.

The circumstances are suspicious but the State must go further in a case of circumstantial evidence than to raise a suspicion that the law has been violated. See authorities cited under Section 1877, of Branch's Ann. Texas Penal Code, and also the later cases of Rice v. State, 122 Texas Crim. Rep. 64, 53 S. W. (2d) 629; Moreland v. State, 126 Texas Crim. Rep. 367, 72 S. W. (2d) 273, and authorities therein cited.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.