JOHNNIE V. WOOLEN v. THE STATE.

No. 21356. Delivered January 15, 1941.

The opinion states the case.

*Rowell & Rowell,* of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary of a railroad car; the punishment, confinement in the penitentiary for two years.

On the 23rd of December, 1939, a freight train of the T. & P. Railroad picked up a box car at Texarkana carrying some merchandise which was billed to W. I. Frost of Mansfield, Louisiana. Some of the merchandise in question consisted of turpentine, castor oil and cane syrup. The train moved from Texarkana about 11:55 p. m. of December 23rd and proceeded to Jefferson in Marion County, arriving there in the early morning of December 24th, where it stopped to take water. The car carrying the merchandise in question was "twenty-one cars from the engine," which placed it near a cemetery. Leaving Jefferson at 2:50 a. m., the train proceeded to Marshall, arriving there at 3:50 a. m. When the car carrying the merchandise reached Louisiana it was found that the cane syrup and some castor oil were missing.

L. M. Billington, a special officer of the Texas and Pacific Railroad, lived in Marshall. He testified, in substance, as follows: When the train in question arrived in Marshall he saw appellant

and Willie Nelson on a gravel car. In the car with the appellant and Nelson he found some cane syrup and turpentine. He went into the depot and called the police. When he returned to the car appellant and Nelson were gone. The syrup and turpentine were still in the car, and the witness threw it out. When he first discovered the appellant and Nelson they were asleep. He aroused them and asked Nelson where he had gotten the merchandise. After that both Nelson and appellant ran away. Appellant stopped near a bridge, ostensibly for the purpose of catching the train as it moved out. The witness, having pursued him to that point, took him into custody. Examining the car from which the merchandise had been taken, it was found that one of the doors was open. The witness resealed it. About twenty car-lengths back from the engine the witness found a nail which had evidently been used to seal the car. He also found the top of a box which apparently belonged to the box in which the stolen merchandise had been carried. At this juncture we quote from the testimony of the witness, as follows: "I only had one thing as evidence that he (appellant) did rob that car, that I caught him in the car with that merchandise." The testimony fails to reveal the proximity of the stolen articles to appellant and Nelson when they were found asleep in the gravel car. It merely shows that such merchandise was in the car where the parties were discovered. There was nothing to show that appellant and Nelson had possession of the merchandise.

Manifestly, the State relied upon circumstantial evidence. In our opinion, the circumstances disclosed by the record fail to exclude every other reasonable hypothesis except that of the guilt of the appellant. See Gillman v. State; 46 S. W. (2d) 699.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.