# JUNE 11, 1941

ROY BARNHILL v. THE STATE.

No. 21654. Delivered June 11, 1941.

The opinion states the case.

*J. W. Simpson, Jr.,* and *Geo. B. Darden,* both of Conroe, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary. The punishment assessed is confinement in the State penitentiary for a term of twelve years.

The only question presented for review is the sufficiency of the evidence to justify and sustain the conviction. The State's testimony, briefly stated, shows that appellant was an ex-convict; that he had been released from the State penitentiary just a few days prior to the commission of the alleged offense. On the night of June 3, 1939, the warehouse of the Texas Company, located near the railroad tracks in the town of Conroe, in which warehouse petroleum products were stored, was burglarized; that C. C. Watson was its agent at the time and was in charge thereof. Other warehouses and buildings were located at the railroad tracks and near the building in question. The window of the warehouse was raised and an entrance to the building had been made through the window. There was also some evidence that an attempt had been made to enter the building by prizing open the door to the office of said building, but without success.

Floyd Cox, a night-watchman, testified that while on an

inspection tour along the railroad tracks and the warehouses on the night in question, he saw what seemed to him to be a person walking down the platform of the building; that he flashed his light on him and told him to come on down; that the man jumped from the platform, and when he did so, it put a little motor house between Mr. Cox and the person upon whom he had flashed the light. Cox looked in different directions but could not see him running away. He then flashed his light under the building and noticed the man behind a concrete pillar. He commanded the man to come out or he would shoot, whereupon appellant complied with the command. Cox arrested him, called Mr. Watson, and while at the building, observed lights from an automobile located about one and one-half block due west. It proceeded to the next street one block away, turned north instead of coming up the street and passed behind some houses. When this car started it was within a block from the warehouse, or it may have been a little over a block. When Cox first heard the car, the lights were not burning. It seemed to have moved several feet before the lights came on, and then it went immediately behind some houses and disappeared. Cox did not see it any more.

Mr. Wagers testified that about 2:00 a. m. on the day in question, he saw two men walking across the track about five minutes (and not over ten) before Cox showed up at the corner of the old bank building with the appellant under arrest.

Nothing was missed from the warehouse except a fountain pen, but this was not found on the appellant, in the building, or anywhere near or under the warehouse. No tools or implements were found with which the door of the building was attempted to be opened by force.

Appellant was released on bond but failed to appear at the next term of court and his bond was forfeited. He was subsequently arrested in California and brought back to Conroe. Being unable to obtain the services of counsel, he defended himself when his case was called for trial. He did not testify or offer any affirmative defense.

In this case the State relied entirely upon circumstantial evidence for a conviction; and the court, in his charge, instructed the jury relative thereto. However, to sustain a conviction for the offense of burglary based on circumstantial evidence, it

should appear not only that a burglary was committed but there should also be proof to a greater degree of certainty than a mere probability or a strong suspicion that the accused was the person who committed it or was a participant therein. There must be legal and competent evidence pertinently identifying the defendant with the transaction charged. It may be that the appellant is guilty, but, in our opinion, the evidence fails to meet the requirements of the law. See Moreland v. State, 126 Tex. Cr. R. 367, 72 S. W. (2d) 273; White v. State, 113 S. W. (2d) 530; Woolen v. State, 146 S. W. (2d) 744; Almazen v. State, 145 S. W. (2d) 576; Harroll v. State, 135 Tex. Cr. R. 65; Yarbrough v. State, 69 Tex. Cr. R. 150, 151 S. W. 545.

Having reached the conclusion that the evidence is not sufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.