## PAUL MANN V. STATE

No. 27,417. March 2, 1955
Rehearing Denied April 6, 1955
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 27, 1955

C. S. Farmer, Maddin & Copeland, by C. S. Farmer, and David C. Copeland, Waco, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Theft is the offense; the punishment, five years in the penitentiary.

Benedict was employed as a watch maker by the Crowell Jewelry Company in Plainview and, at the time mentioned herein, was in charge of the store.

About 12:30 o'clock on the afternoon of April 23, 1954, ap-

pellant, accompanied by his wife and Elloise Woods, came into the store. His wife approached Benedict, who was in the rear of the store, and asked him to look at her watch, which she handed to him. Benedict took the watch to his bench, examined it, and told the woman that it was dirty and needed cleaning. Thereupon, the wife asked Benedict to take a link from her watch band. Benedict did so and again advised her that the watch needed cleaning and asked her if she wanted to leave it with him for that purpose. She replied in the negative.

Appellant, who had been standing by the diamond counter near the front of the store, then went to the rear thereof and said to his wife, "Let's go." Thereupon, he and his wife, preceded by Elloise Woods, who had remained near the front of the store, left and drove away in a Buick automobile.

After they left, Benedict discovered that a tray of diamond rings, valued at about $2,500, was missing from the showcase situated near the front of the building and by and near which appellant and Elloise Woods had remained during the transaction between him (Benedict) and appellant's wife.

The rings were never recovered.

Appellant and the two women were apprehended some eleven hours thereafter in Waco, Texas.

Appellant did not testify.

It is insisted that the facts do not warrant the conviction.

Benedict testified that prior to the time appellant and the women came into the store he had sold a diamond wedding band from the case to Kitterman, and that he (Benedict) knew the diamond rings were in the case when that customer left the store. His further testimony showed that no persons came into or were in the store other than appellant, his wife, and Elloise Woods while he waited on appellant's wife, through the time they left the store.

Benedict's testimony completely and fully negatives the possibility that any other person stole or had the opportunity to steal the rings.

The facts just stated differentiate this case from that of Yar-

brough v. State, 69 Texas Cr. R. 150, 151 S.W. 545, which appellant relies upon in his brief.

The conclusion is reached that the facts support the conviction and that they are sufficient, also, to show that the three parties were acting together in the commission of the theft, each doing something in furtherance of the common design. All testimony relative to their acts evidencing guilty conduct while in the store was admissible as showing acts of co-conspirators.

Mrs. Crowell, the wife of the owner of the jewelry store, testified that, during the trial of the case, she approached appellant while he was outside the courtroom near a drinking fountain and that the following conversation took place at that time:

"I asked him (appellant) why he didn't get in touch like he said he would and return us the jewelry and he said that he was on trial here and he couldn't talk to me, and then I told him that when he told me he would return it under certain circumstances - -"

Appellant's objection to this testimony was sustained and the jury instructed not to consider it for any purpose.

The testimony of the sheriff shows that appellant was at liberty upon bail. He was therefore not under arrest, contrary to appellant's insistence in his objection.

In any event, the testimony is not deemed of such character as to denote prejudicial error that could not be eliminated notwithstanding the withdrawal by the court.

This case was submitted to the jury, under the law of principals, to the effect that if appellant, either alone or acting with others, committed the theft of the rings he would be guilty.

No specific application of the facts was made to the law of principals.

Appellant excepted to the charge because the converse of the law of principals was not submitted, and insists that the failure to so charge the jury presents reversible error.

In this case there was no defensive testimony and, therefore, no defensive theory to submit to the jury. There was as much testimony showing that appellant was the actual taker of the

stolen property as there was that he aided and assisted another in the theft. There was no occasion, therefore, for the trial court to charge upon the converse of the law of principals—that is, if another person stole the rings and appellant was not connected therewith as a principal he would not be guilty. Neither the facts nor the charge of the court, as given, raised such an issue or required the giving of such a charge.

No reversible error appearing, the judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant strenuously urges that the evidence is insufficient to show that the appellant, his wife and Elloise Woods were acting together so as to make each of them guilty as principals to the theft. We shall review the evidence briefly. Three people, who lived in Waco, entered a jewelry store in Plainview together. They were unknown to the man in charge of the store. Two of them remained near the front of the store while the third engaged the man in charge in conversation, at the same time shifting the position of her body so as to obstruct his view of the others. The three left the store and drove away in an automobile together at a high rate of speed and went to Waco. The rings in question were taken while these three people, and no one else, were in the store. We remain convinced that these facts are ample to show that the three were acting together. Certainly, the acts of each person present would be admissible, and the question of the admissibility of acts and declarations of co-conspirators in the absence of their fellow co-conspirator is not in the case.

The court properly charged on the law of principals and circumstantial evidence.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.