**Arthur Lee THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47777.**

Court of Criminal Appeals of Texas.

March 13, 1974.

Rehearing Denied April 3, 1974.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

CHADICK, Commissioner.

This appeal is from a conviction by jury verdict of burglary. Punishment was assessed at nine years.

Testimony was introduced in the trial showing Dallas police officers, in response to a silent burglar alarm, arrested appellant Thompson and one Charles Taylor near a recent break and opening in the wall of a building alleged to have been burglarized. Thompson was indicted for burglary; the indictment charged Thompson in person with the commission of the offense. The record does not disclose whether or not other persons were indicted. Although the jury charge contained an abstract definition of *principals,* formulated largely in the language of Arts. 66–69, Vernon's Ann.P.C., this definition was not followed by instructions applying it to the instant offense. There was no objection to this omission. The charge as given required the jury, as a prerequisite to conviction, to find that appellant, in person, committed the burglary. That is to say, the jury was not authorized by the charge to find him guilty as a principal under the law of principals.

The first two grounds allege error in the court's failure to give his two requested special charges.

Counsel for appellant requested two special charges to the jury. The first was designed as a defensive presentation of the law of principals and implied a defensive theory that Thompson was an innocent bystander. The second contained a supplementary definition of a principal cast negatively, saying that mere presence at or near the scene of the commission of the offense or knowledge, silence, inaction, etc., would not make the accused a principal. This instruction was denied, except that the court did instruct the jury that, "Mere presence alone does not constitute one a principal." Thompson did not testify at the guilt stage, or tender witnesses in his own defense. The evidence, which will be noticed in more detail in the discussion of the third ground of error, did not raise a fact issue that appellant was an innocent bystander. The testimony is sufficient to show that Thompson committed the charged offense and that Charles Taylor took an equal part. A charge upon the law of principals is not required when the accused is charged and held to answer for doing the criminal act himself, although another took an equal part with him. Hannon v. State, Tex.Cr.App., 475 S.W.2d 800; Bryant v. State, Tex.Cr.App., 397 S.W.2d 445; Mann v. State, 161 Tex.Cr.R. 432, 277 S.W.2d 718; Branch v. State, 116 Tex.Cr.R. 205, 33 S.W.2d 1069; Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092; Hunter v. State, 119 Tex.Cr.R. 558, 45 S.W.2d 969; Patterson v. State, 111 Tex.Cr.R. 242, 13 S.W.2d 97; 31 T.J.2d Instructions, § 104. No error is shown in the failure to give the requested charges.

The first and second grounds of error are overruled.

Appellant's third ground of error raises the contention of insufficiency of the evidence.

The record reflects that at about 5:15 A.M. on September 27, 1972, police answering a "silent burglar alarm," appeared at the burglarized building in Dallas in which Margaree Samples operated a grocery store. The building is "L" shaped and the back is not visible from the street in front. On arrival at the building in the squad car, Officer Manning got out of the car and skirted the building to his right while his partner went to the left. As Officer Manning reached a point where the rear of the building was visible his flashlight beam enabled him to see one person rise up and another standing near a newly breached hole in the wall of the building. The two persons fled, but both halted at the officer's command. Though they gave fictitious names at the time, the two were later identified as Thompson and Taylor. Thompson's clothing was covered with sheetrock dust. The breached building wall was constructed of sheetrock. Thompson and Taylor's position was within one foot of the break in the wall. A tire tool was found near the hole in the building where Thompson and Taylor were first seen. Thompson had an empty cloth bag in his pocket. The owner of the store

**902**

operated in the building testified that a coin operated machine had tool marks on it, caused by tampering, and that she found the hole in the building wall and other damage, all of whch occurred after she closed the store several hours before police answered the alarm. She stated that the alarm was triggered by the raising of a hook in the ladies rest room into which the hole in the wall entered. She testified she had not given Thompson permission to enter the store or to take anything therefrom.

A charge on circumstantial evidence was given.

■ Entering a house by force for the purpose of committing theft is denounced as burglary by Vernon's Tex.Pen.Code Ann., art. 1389. · The evidence is sufficient to show commission of a burglary by appellant. Morgan v. State, Tex.Cr.App., 503 S.W.2d 770 (1974); Williams v. State, Tex.Cr.App., 504 S.W.2d 477 (1974); Hines v. State, Tex.Cr.App., 458 S.W.2d 666.

The third ground of error is overruled.

■ Appellant asserts in his fourth ground of error that the introduction of certain exhibits constituted a denial of appellant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Art. I, § 10, of the Texas Constitution, Vernon's Ann.St. The particular or specific right or rights denied are not identified or discussed in the argument under the point. Neither is authority cited. Nothing is presented for review. Examination of the record fails to disclose error in the admission of the exhibits mentioned in the ground of error.

The fourth ground is overruled.

We have considered appellant's pro se brief, and find it to be without merit.

No reversible error is found; accordingly, the judgment of the trial court is affirmed.

Opinion approved by the Court.